Case 63—PETITION ORDINARY—MAY 9.

# Koestel v. Cunningham.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. LIABILITY FOR INJURY DONE BY VICIOUS DOG—PUNITIVE DAMAGES.—The owner of a dog is liable under the statute (Ky. Stats., sec. 68), for compensatory damages to any person who is bitten by the dog; and the jury may give punitive damages if the owner had knowledge of the fact, prior to the injury, that the dog was vicious toward persons.

2. SAME.—The general rule in tort actions is that if the defendant act maliciously, wilfully, or with such gross negligence as to indicate a wanton disregard of the rights of others, the jury may award punitive damages.

3. SAME.—The jury had enough evidence before them in this case to conclude that the defendant had knowledge prior to plaintiff's injury of the vicious nature of his dog, although there was no direct proof of such knowledge on his part.

Koestel v. Cunningham.

KOHN, BAIRD·& SPINDLE FOR APPELLANT.

1. The trial court erred in refusing to submit to the jury the issue as to whether the appellee was bitten by the appellant's dog. (Keightlinger v. Egan, 65 Ill., 236.)
2. The court erred in admitting evidence tending to prove that the dog was vicious, and in submitting to the jury the question of punitive damages on the idea that the dog was vicious and known to be such by the appellant. (Wood on Nuisances, vol. 2, sec. 678; Hartly v. Harriman, 2 B. & Ald., 620; Judge v. Cox, 1 Starkie, 227; Murray v. Young, 12 Bush, 337; Laherty v. Hogan, 13 Daly, 533; Gossman v. Badgett, 6 Bush, 101.)

WILLSON & THUM AND W. W. THUM FOR APPELLEE.

1. The evidence showed that the appellee was bitten by the appellant's dog in the public street, and that the dog was a notoriously dangerous one, known to be so by appellant, thus entitling appellee to recover damages. (General Statutes, p. 225, sec. 10.)
2. The question of whether the appellee was bitten by the appellant's dog was submitted to the court in the words of instruction that "if the jury shall believe from the evidence that the plaintiff was bitten by defendant's dog" they should find for plaintiff.
3. The appellant can not complain that the court permitted appellee to prove that the dog was fierce and dangerous to mankind without an allegation that he was fierce and dangerous, since such an allegation in their petition was stricken out on motion of the appellant.
4. The allegations of the petition that the dog was dangerous to persons, and that defendant knew it and permitted it to run at large, presented a case in which punitive damages might be assessed.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Cunningham recovered of Koestel a judgment for $500 in damages by reason of injuries inflicted on him by the bite of the latter's dog.

For the appellant it is insisted that the instructions given on the trial are erroneous, chiefly because they submitted the question of punitive damages to the jury. The verdict does not appear to exceed the actual damages of the plain-

tiff under the proof, but if it did we should not regard it as invalid.

The general rule in tort actions is that if the defendant act maliciously, wilfully, or with such gross negligence as to indicate a wanton disregard of the rights of others, the jury are not confined to an assessment of compensatory damages only.

The first sections of the chief instruction permit damages, provided the jury believe from the evidence that the plaintiff was bitten by the defendant's dog, for loss of time, doctors' bills, etc. And the last sections allow punitive damages if the jury should believe from the evidence "that the defendant's dog at the time he bit the plaintiff, if he did bite him, was of a fierce or dangerous disposition towards persons, and was liable to attack and injure a person, and the defendant theretofore, that is, before the first day of August, 1892, had knowledge of that fact."

We think the instruction was proper. At the common law the dog was regarded as a tame, harmlesss and docile animal, and its owner not responsible for any vicious or mischievous act it might do, unless he had a previous knowledge of its mischievous or vicious propensities.

As an English judge put it, "the dog was entitled to his first bite." The statute, however, enlarges this responsibility and "every person owning, having or keeping any dog shall be liable to the party injured for all damages done by such dog." (Ky. Stat., sec. 68.)

The proof establishes overwhelmingly that the defendant's dog bit the plaintiff while he was in no way provoking him, when the plaintiff casually passing along the public street was unaware of the impending attack. It also conduced to show that the animal was vicious towards persons, and had so been for a considerable length of time prior to

the occurrence in question. The defendant's knowledge of this feature of his dog's nature was not shown by any direct proof, but circumstances were put in evidence conducing to show that he must have been aware of it. The jury had enough evidence before them on that question to so conclude. His wife certainly knew of it.

It is elaborately argued by counsel that the instruction did not submit to the jury the question whether it was the dog of the defendant that bit the plaintiff, but assumed such state of case. We think otherwise. The language is clear and emphatic on that point.

Judgment affirmed.