CASE 72—ACTION FOR INJURIES BY A DOG—OCTOBER 22.

## Bush v. Wathen, by Guardian.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. ANIMALS—DOGS—ACTIONS FOR INJURIES BY.—In an action under Kentucky Statutes, section 68, providing that "every person owning, having or keeping any dog shall be liable to the party injured for all damages done by such dog," with the subsequent provision that "no recovery shall be had in case the person injured is, at the time, upon the premises of the owner of the dog after night, or engaged in some unlawful act in the day-time," the owner of the dog is liable for injuries inflicted by him although at the time of the injury the dog was in the custody of a Kennel Club on exhibition.

2. SAME—PLEADING.—In such an action it is not necessary for the plaintiff to negative, in his petition, the exception of the statute with reference to the presence by the person injured upon the owner's premises at night or as to being engaged in some unlawful act in the day. Consequently the improper denial of such exceptions in the petition will not give plaintiff the burden of proof.

3. SAME—"UNLAWFUL ACT IN THE DAY TIME."—The alleged acts

of the plaintiff in teasing the dog are not such acts as the General Assembly intended to embrace by the words "unlawful act."

4. SAME—CONTRIBUTORY NEGLIGENCE.—Although the plaintiff may not be within the enumerated exceptions of the statute, he may be guilty of such contributory negligence as will bar a recovery.

O'NEAL & PRYOR AND H. H. NETTLEROTH FOR APPELLANT.

1. It was error to set aside the first verdict of the jury and grant a new trial; the newly discovered evidence was merely cumulative.   Respass v. McClanahan, Hardin, 342;  Chambers v. Chambers' Admr., 2 A. K. M., 348; Daniel v. Daniel, 2 J. J. M., 52; Ewing v. Price, 3 J. J. Mar., 520; McFarland's Admr. v. Clark, 9 Dana, 134; Leonhart v. Stalzenberger, &c., 7 Bush, 209; Houston v. Kidwell, 83 Ky., 301; Graham & Waterman on New Trials, vol. 1, p. 486; vol. 3, pp. 1046, 1063.

2. Where a new trial is improperly granted the verdict should be set aside and judgment entered on the first verdict.  Brevard v. Graham, 2 Bibb, 177; Legrand v. Baker, 6 Mon., 235.

3. The appellant was entitled to the concluding argument.  L. & N. R. R. Co. v. Brown, 13 Bush, 475; Civ. Code, sec. 526; Royal Ins. Co. v. Schwing, 87 Ky., 410; Caskey v. Lewis, 15 B. M., 27; Daviess v. Arbuckle, 1 Dana, 525; Higdon's heirs v. Higdon's Dev., 6 J. J. M., 48; Denny v. Booker, 2 Bibb., 427; Wheatly v. Phelps, 3 Dana, 302; Young v. Haydon, 3 Dana, 145; Page v. Carter, 8 B. M., 192; Crabtree v. Atchison, 93 Ky., 338.

4. Plaintiff was not required to negative, in his petition, the exceptions in the statute; and such matter was surplusage.  P. & M. R. R. Co. v. Hoehl, 12 Bush, 41; Bliss, Code Pleading, p. 102; L. & N. R. R. Co. v. Copas, 95 Ky., 460.

5. On Construction of statute.  Cooley on Torts, p. 349.

6. Refusal of trial court to permit amended answer alleging that the dog was in possession of the Kennel Club Bench Show was error.

R. C. DAVIS, MATT. O'DOHERTY AND JOHN J. DAVIS FOR APPELLEE.

1. The trial court did not err in granting a new trial to appellee after the trial and verdict for appellant.  Such action by the court is within the sound discretion and will not be disturbed except for abuse of discretion.   People v. Sutton, 15 Pac. R.,

Bush v. Wathen, by Guardian.

86 (Cal.); Myers v. Brownell, 16 Am. Dec., 729; s. c. 2 Aikens, 407 (Vt.); Hicks v. Deposit Bank of Glasgow, 12 Ky. Law Rep., 605; Wilcox Silver Plate Co. v. Barclay, 48 Hun., 54; Barker v. French, 18 Vt., 460; Clegg v. N. Y. Newspaper Union, 51 Hun., 232; Anderson v. State, 43 Conn., 514; Mudd River Coal Co. v. Tipton, 12 Ky. Law Rep., 940; L. & N. R. R. Co. v. Wade, 11 Ky. Law Rep., 953; Railway Co. v. Crayton, 69 Miss., 158; L. & N. R. R. Co. v. Coniff's Admr., 16 Ky. Law Rep., 296; C., O. & S. W. R. R. Co. v. Hicky, 15 Ky. Law Rep., 112; Caldwell v. Wright, 8 B. M., 525; Ewing v. Price, 3 J. J. M., 520; Ky. Stats., sec. 68.

2. Teasing a dog was not such an unlawful act as brought plaintiff within the exception of the statute.

3. It was necessary for plaintiff in his petition to negative the exceptions in the statute. Chicago, &c. R. R. Co. v. Carter, 20 Ill., 390; Ohio, &c. R. R. Co. v. Brown, 23 Ill., 94; Illinois, &c. R. R. Co. v. Williams, 27 Ill., 48; Chitty on Pleading, p. 223; Great Western R. R. Co. v. Bacon, 30 Ill., 347; Greenleaf on Evidence (14th Ed.), sec. 78; Becker v. Crow, 7 Bush, 198; Goodwin v. Smith, 72 Ind., 113; Royal Ins. Co. v. Schwing, 87 Ky., 410; Denny v. Booker, 2 Bibb, 427; L. & N. R. R. Co. v. Brown, 13 Bush, 475; Paducah, &c. Railroad Co. v. Hoehl, 12 Bush, 47.

4. On the construction of the statute. Koestel v. Cunningham, 97 Ky., 421; 17 Ky. Law Rep., 296.

5. There was no error on the part of the trial court in refusing to permit the amended answer to be filed. Patrick v. Swinney, 5 Bush, 421.

SAME COUNSEL IN A SUPPLEMENTAL BRIEF.

1. Parties suing under a statute must negative exceptions where they are contained in the same section governing the right or fixing the liability. Burden of proof in such case is on plaintiff to prove the negative. L. & N. R. R. Co. v. Belcher, 89 Ky., 193.

SAME COUNSEL FOR APPELLEE IN A PETITION FOR A REHEARING.

1. Contributory negligence is no defense to an action under our statute for injuries done by a dog. Shearman & Redfield on Negligence, secs. 61, 62 and 64; Woolf v. Chalker, 31 Conn., 121; s. c., 81 Am. Dec., 175; Koestel v. Cunningham, 97 Ky., 421;

Bush v. Wathen, by Guardian.

17 Ky. Law Rep., 296; B. & M. R. R. Co. v. Webb (Neb.), 22 Am. & Eng. R. R. Cases, 617; B. & M. R. R. Co. v. Brinkman (Neb.), 11 Am. & Eng. R. R. Cases, 438; Spencer v. C. & N. W. R. R. Co., 25 Iowa, 139; Corwin v. N. Y. & E. R. R. Co., 13 N. Y., 42; Welt v. I. & V. R. R. Co., 105 Ind., 55; s. c. 24 Am. & Eng. R. · R. Cases, 372; Laird v. R. R. Co., 62 N. H., 254; s. c. 13 Am. St. R., 564; Rowell v. R. R. Co., 57 N. H., 132; s. c. 24 Am Rep., 59; Broom's Legal Maxims, 592; May v. Burdett, 9 Q. B., 101; Murray v. Young, 12 Bush, 337; McCaskill v. Elliott, 5 Strobhart's Law, 196; s. c. 53 Am. Dec., 706; Williams v. Moray, 74 Ind., 25; Smith v. Pelah, 2. Stra., 1264; Muller v. McKesson, 73 N. Y., 195; s. c., 29 Am. Rep., 123; Fake v. Addicks, 45 Minn., 37.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The right to recover in this action is based on section 68, Ky. Stat., which reads as follows: "Every person owning, having or keeping any dog shall be liable to the party injured for all damages done by such dog. But no recovery shall be had in case the person injured is, at the time, upon the premises of the owner of the dog after night, or engaged in some unlawful act in the daytime." The appellant, Bush, was the owner of a St. Bernard dog; and, while he was such owner, it attacked, bit, and tore the face of the appellee, George Wathen, a boy over twelve years of age, and permanently disfigured his face. The first trial of the case resulted in a verdict for the defendant. The court gave a new trial, and it resulted in a verdict for the plaintiff in the sum of $850. Bush entered the dog in the bench show at the Armory of the Louisville Legion, which was under the control of the Louisville Kennel Club, and paid three dollars for the privilege. The dog, while in the stall which was assigned to Bush for his dog, bit and lacerated the face of the appellee, George Wathen.

It is insisted that the appellant, Bush, is not liable for the injury inflicted by the dog, because, at the time it was

done, it was under the control of the Kennel Club. The dog was there with the consent of the appellant, and he was as much liable for the injury which it inflicted under such circumstances as he would have been had he been present and in control of it. Suppose A should loan B his dog that he might use him for the purpose of hunting for a time, and during that time the dog killed C's sheep, unquestionably A would be responsible for the damage which his dog did under such circumstances. Under the plain language of the statute, the owner is responsible for the act of a dog, and likewise is the party who may have him in possession at the time of the injury. From this view it follows that the court did not err in refusing to allow the amended answer to be filed, in which the defendant, Bush, alleged he was not responsible, because of the fact the Kennel Club had the dog in its possession and under its control at the time it injured the boy.

The petition averred that the dog bit Wathen, and that, at the time, he was not on the premises of Bush after night, or engaged in any unlawful act in the daytime. It is argued by counsel for appellant that, although the petition negatived the exception in the statute, it was not necessary that it should have been done, and therefore the plaintiff could not thereby control the action of the court in determining who had the burden of proof. It is clear, if such negation was unnecessary, the plaintiff could not make it, and thus take the burden of proof, and, consequently get the closing argument to the jury. It was not necessary for the plaintiff to allege that he was not on Bush's premises after night, or engaged in some unlawful act in the daytime, when the dog injured him. When he alleged that Bush owned the dog, and that it bit and injured him, a cause of action was stated. There is no pro-

viso in the enacting clause to be negatived; neither is there
an exception in the clause making the owner liable to a
party injured by his dog for the damage done by it. It
reads: "Every person owning, having or keeping any dog
shall be liable to the party injured for all damages done by
said dog." There is a proviso, however, in the same sec-
tion of the statute, but it is a separate and distinct clause;
as much so as if it had been in a separate section. When
there is an exception in the enacting clause, the plaintiff
must negative it. If the exception is in a subsequent
clause to that giving the cause of action, then, if it gives
the defendant exemption from liability, he must plead it.

1 Chitty On Pleading (8th Am. Ed.), 222, states the rule as
follows, to-wit: "In pleading upon statutes, where there is
an exception in the enacting clause, the plaintiff must show
that the defendant is not within the exemption; but, if
there be an exception in a subsequent clause, that is mat-
ter of defense, and the other party must show it to exempt
himself from the penalty." And on the next page (Chitty)
Lord Tenderden is quoted as follows: "If an act of par-
liament or a private instrument contain in it, first, a gen-
eral clause, and afterwards a separate and distinct clause,
something which would otherwise be included in it, a party
relying upon the general clause, in pleading, may set out
that clause only, without noticing the separate and dis-
tinct clause which operates as an exception. But, if the
exception itself be incorporated in the general clause, then
the party relying upon it must, in pleading, state it, with
the exception." Bliss On Code Pleading, 202, says: "When
the exception is embodied in the body of the clause, he who
pleads the clause ought to plead the exception; but when
there is a clause for the benefit of the pleader, and after-
wards follows a proviso which is against him, he shall

plead the clause, and leave it to his adversary to show the proviso." When exceptions to the general provision of a statute are found in a distinct clause, the plaintiff need not allege that he is not within them. Nichols v. Sennitt, 78 Ky., 630. The court said in Com. v. McClanahan, 2 Metcalfe, 10: "It is well settled that, where provisos and exceptions are contained in distinct clauses, it is not necessary to aver in the indictment that the defendant does not come within the exceptions, or to negative the provisos it contains. Nor is it necessary to allege that he is not within such provisos, even though the purview should expressly notice them; as by saying that none shall do the act prohibited, except in the cases thereinafter excepted. These are properly matters of defense."

The rule of pleading which requires the exception, when embodied in the body of the clause, to be pleaded by him who pleads the clause, is well illustrated in the case of Becker, &c., v. Crow, &c., 7 Bush, 201  That action was authorized by an act which reads: "That the widow and minor child or children, or either or any of them, of a person killed by the careless or wanton or malicious use of firearms or other deadly weapons, not in self-defense, may have an action against the person or persons who committed the killing, and all others aiding or promoting the killing, or any one or more of them, for reparation of the injury, and in such action the jury may give vindictive damages." The act gave the right of action to the widow or child of a person killed by the careless or wanton or malicious use of firearms or other deadly weapons, not in self-defense. The words *"not in self-defense"* were in the body of the clause. Therefore it was necessary to negative it. The rule is again illustrated in the case of L. & N. R. R. Co. v. Belcher, 89 Ky., 194 [12 S. W., 195]. The statute under

which the action was brought reads as follows: "If, by the locomotives or cars of a railroad company, cattle or other stock shall be killed or injured on the track of said road, adjoining the lands belonging to or in the occupation of the owner of such cattle or stock, who has not received compensation for fencing said land along said road, the loss shall be divided between the railroad company and the owner of such cattle or stock. . ." The court was of the opinion that the plaintiff could not recover if the owner of the land had been compensated for fencing it, and that it was necessary to allege that he had not received such compensation. As a reason for so holding that it was necessary to make the allegation, the court said: "If, then, under this section of the statute, the facts alleged by the plaintiff could be admitted, and still, by reason of the *very clause upon which the recovery depends*, a state of fact might exist preventing the recovery, the existence of such facts must be negatived by his pleading."

If Wathen had been injured while he was on Bush's premises at night, or when he was engaged in some unlawful act in the daytime, the defendant should have pleaded it as a matter of defense. He did not do this, but alleged that Wathen came to the stall where the dog was kept and chained, and partially threw his hands and face and body into the stall, and handled and annoyed the dog, and continued to do so notwithstanding he was cautioned to desist from such conduct by parties standing near by, and warned that the dog, excited by the presence of a large crowd, and worried by the heat and noise, and fatigued, might attack and bite or in some way injure him if he continued to handle and annoy him. The language of the statute which exonerated the owner of a dog from liability for such injuries as it might inflict does not embrace the

defense stated. If the statute, literally construed, does not embrace the defense stated, a party might be doing some "unlawful act" in the night time off of the premises of the owner when he was injured by a dog, still the owner would be liable for such injury as he might inflict on such one. Under the statute, if the party is upon the premises of the owner at night, and doing no unlawful act, still, if the dog bites him, the owner is not responsible. We are of the opinion that although the party is injured by the dog while away from the premises of the owner at night, or is injured in the daytime when not engaged in some unlawful act, still, if the party injured was guilty of some act except for which the dog would not have bitten him, he is guilty of contributory negligence, and can not recover damages for the injury sustained. We are of the opinion, that the alleged acts of the boy in teasing the dog are not such as the General Assembly intended to embrace by the words *"unlawful acts."* The doctrine of contributory negligence applies to the case of injury by animals. Cooley, Torts, 346. The principle of law which requires the exercise of reasonable care to avoid doing injury to others also requires the exercise of reasonable care to avoid being injured by the negligence of others; and, as a general rule, one can not recover compensation for injury occasioned by the mere negligence of another which he might have avoided by the exercise of reasonable care. If the injury would not have happened to him but for his own want of ordinary care, he can not legally charge to the negligence of the other party the consequence of his own carelessness. It may be said that this rule of law has been changed by the statute. The statute is remedial. It imposes no penalty, but simply makes the owner responsible for the damages sustained

Bush v. Wathen, by Guardian.

by reason of injury inflicted by the dog.  It gives a remedy for enforcing the common-law right for the recovery of damages for the actual injury sustained, and should be given a reasonable interpretation.  It would not be a reasonable interpretation to wholly disregard the general principle of contributory negligence.  It, in part, was intended to obviate the difficulty which existed at common law of showing the owner's knowledge of the vicious propensities of the dog in an action for damages; and the interpretation which we give accomplishes that object.  In Quimby v. Woodbury, 63 N. H., 370, the court construed a statute substantially the same as the one here construed, and said:  "A construction of the statute making the owner of a dog absolutely liable for injuries, regardless of the conduct of the party injured, might in some cases hold the owner responsible for injuries occasioned solely by the reckless carelessness of the party injured.  It would make the owner liable to a person injured while intentionally exposing himself by worrying and irritating a dog for the purpose of testing his temper and disposition.  Such a construction would be unreasonable.  We think the rule of interpretation applicable to this statute is analogous to that applied to the statute making towns liable for damages happening from defective highways, which, although literally imposing an absolute and unqualified liability, is construed with the qualification that the party injured is not entitled to recover if his own negligence contributed to the injury.  As the statute is to be interpreted with reference to the general principle that a party can not recover damages for the negligence of another if his own negligence contributed to the injury, the expressed exception that the injured party can not recover if the injury is received while he is in the commission of a tres-

pass or other tort is not to be regarded as excluding the doctrine of contributory negligence. The purpose and effect of the exception is to limit the right of recovery, and not to extend it." We are of the opinion that contributory negligence is available as a defense in an action like this. As we have said, the statute, literally construed, would make the owner of the dog liable for damages inflicted at night, save on his premises, although the party injured was the direct cause of the injury. Suppose the owner should have his dog with him after night on a street, in a town or on the public highway, and some one should maltreat and annoy the dog to such an extent as to cause it to bite him, and except for such conduct the dog would not have bitten him; certainly, the owner of the dog should not be compelled to pay the damages resulting to the injured party by his own wrongful act. If the injury occurred as we have supposed, the owner of the dog could only escape liability by plea and proof of contributory negligence. If such plea is good as to an injury occurring off the premises of the owner at night, it is equally good as to an injury occurring in the daytime. The plea of contributory negligence placed the burden of proof on the defendant, and entitled him to the closing argument. The court's failure to so rule entitled the defendant to a new trial. We do not think the court abused its discretion in relieving the plaintiff of the verdict and judgment rendered in the first trial, and granting a new trial. The judgment is reversed, with directions that a new trial be given, and for proceedings consistent with this opinion.