## Davidson, et al. v. Manning, By et al.

(Decided February 4, 1916.)

### Appeal from the Warren Circuit Court.

1. Animals—Action for Injuries From Bite of Dog—Evidence.—In an action for damages for injuries from the bite of a dog, evidence that a shepherd dog would run out on to the highway and bark at and bite at the heels of animals is not evidence of a vicious tendency towards persons.

2. Animals—Action for Injuries From Bite of Dog—Evidence.—Evidence that the dog four months after the occurrence in question had bitten another was not competent on the issue of whether his vicious tendencies were previously known to the owner or harborer.

3. Animals—Injury From Bite of Dog—Liability.—Where two or more persons jointly own or jointly harbor a dog they are jointly liable under the statutes for any injury inflicted by it.

4. Animals—Injury From Bite of Dog—Liability of Married Woman for Harboring Dog.—A married woman is liable as the harborer of a dog on premises owned and controlled by her although her husband lives with her.

5. Damages—Separate Findings.—In an action for damages, if the jury separate in its verdict the compensatory from the punitive damages, this court may affirm the judgment for compensatory damages and reverse it as to punitive damages.

RODES & WALLACE for appellants.

T. W. & R. C. P. THOMAS for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Affirming in part and reversing in part.

On the 3rd of June, 1914, appellee, a girl thirteen years of age, while on the premises of appellant, Mrs. E. F. Davidson, in Warren county by invitation, was bitten by a dog kept and harbored on the premises, and brought this suit for damages under the statute against Mrs. Davidson and her son Felix, alleging that the dog was vicious and known by the defendants to be so. In a separate answer Mrs. E. F. Davidson denied that she had owned, kept, or harbored the dog, or that it was vicious or known to be so, and in addition pleaded contributory negligence upon the part of the girl.

Felix Davidson filed his separate answer wherein he denied that he and his mother at any time owned, kept or harbored a vicious dog, and in addition also pleaded contributory negligence.

The plea of contributory negligence was denied by reply, and on the trial the plaintiff recovered a verdict for $500, $250 compensatory and $250 punitive damages upon which judgment was entered, and the defendants have appealed.

The evidence shows that the appellee lived in the neighborhood of the Davidsons, and that she had gone to the place on that day and had been invited in by a daughter of Mrs. Davidson; that just about the time she was stepping upon the porch the dog, which she had not seen, came from somewhere, presumably under the porch, grabbed her on the leg, threw her down and bit her leg so that she was confined to her bed for three weeks, and for two weeks thereafter was compelled to use crutches.

The evidence is that Mrs. E. F. Davidson was the owner of and in control of the premises, and that Felix Davidson, her son, was unmarried and lived on the place with her. Mrs. Davidson and her son each testified that the dog belonged to Felix Davidson, and had been given to him when a pup, and was kept by him on the place, although it is in evidence that Mrs. Davidson had paid taxes on the dog, and that after the injury declined to permit the appellee's father to kill the dog, although notified that her son Felix had agreed to it if she would consent.

The dog was a shepherd dog, and it is in evidence that upon numerous occasions he would run out into the road near the house when stock was passing and bark at and bite the heels of the cattle or horses; that upon

one occasion he had grabbed hold of the tail of a horse being driven along the road. The only evidence showing any viciousness upon the part of the dog towards persons was by a witness who stated that about four months after the injury to appellee, and before the trial, the dog had grabbed him by the leg while he was on the Davidson premises.

Under this evidence there can be no doubt that the case was properly submitted to the jury upon the question of compensatory damages; the uncontradicted evidence is that the girl was there, that she was invited in, that the dog bit her, and the only question was as to the extent of the injury.

To authorize the recovery of punitive damages in such cases, however, it is necessary to allege and prove, not only that the dog was vicious, but that it was known to be vicious by the one owning, keeping, or harboring the same prior to the time of the injury. The only evidence in this case that would have justified the giving of an instruction on punitive damages is the evidence of the witness showing that four months after the injury the dog attacked him. There is no evidence that the dog prior to the injury of appellee had ever been known to bite or attack any person or act in such an ugly way as to indicate a disposition to do so; the evidence only shows that prior to that time the dog had run out to the road and barked at passing animals and bitten at their heels.

Shepherd dogs are bred and trained for the purpose of aiding their masters in driving stock, and it is a matter of common knowledge that such aid is given customarily by barking at the stock and biting at its heels. Surely this is no evidence in a shepherd dog of a vicious tendency towards persons, and if the evidence that the dog attacked a man four months after the injury to appellee was incompetent, it follows that there was no evidence of viciousness upon which to base the instruction.

Manifestly if no such vicious tendency had developed in the dog until after appellee's injury, the owner, keeper, or harborer could not have known of it, and it is apparent that the evidence of this occurrence, four months after appellee's injury, was incompetent and on this issue prejudicial to appellants.

It necessarily follows that the instruction on punitive damages was unauthorized, and that the verdict to the extent of the assessment of such damages should have been set aside.

The action is based upon the following provision in section 68, Kentucky Statutes: "Every person owning, having or keeping any dog shall be liable to the party injured for all damages done by such dog," and on this provision in section 68a, sub-section 5: "Every person owning or harboring a dog shall be liable to the party injured for all damages done by such dog."

The judgment against the two defendants is a joint judgment, and it is insisted for appellants that as the evidence showed that Mrs. Davidson was not the owner of the dog, and as the statute does not contemplate a joint action against the owner and harborer, where they are different persons, that the plaintiff could not maintain a joint action, because the statute does not make them jointly liable, but that he must choose which of the wrong-doers he will sue.

But it is unnecessary, for the purposes of this case, to pass upon this question, for, although the preponderance of the evidence shows the dog to have been the property of the son, yet it even more conclusively shows that both the mother and son were the harborers of the dog. The son being the owner, harbored the dog on her premises with her knowledge and consent, and she thereby also became jointly with him the harborer of it. The evidence shows that they both exercised control over the dog, and surely the statute did not mean to say that where two or more persons jointly own a dog, or two or more persons jointly keep or harbor a dog, that they are not jointly liable.

The evidence shows that Grundy Davidson, the husband of appellant, Mrs. E. F. Davidson, was living, although his business was some distance away and he was seldom at home, and the argument is made for the appellant, Mrs. E. F. Davidson, that as under the law the husband is the head of the family and is the dominating character in the control of the home, that he, and not she, must be deemed the harborer of the dog.

If the old common law relation between husband and wife still existed in this State there would be much force in the argument; but the evidence shows not only that Mrs. Davidson was the owner of the property, and ac-

tually managed and controlled it, and that her husband only came home occasionally and exercised no control, but it is expressly provided in our statutes, section 2127, that "The wife shall hold and own all her estate to her separate and exclusive use, and free from debts, liabilities, or control of her husband," and in the succeeding section that "she shall have the power and right to rent out her real estate and collect, receive and recover in her own name the rent thereof." Being the owner of the property, and in control of it under the law, there can be no doubt that Mrs. Davidson was the harborer of the dog on her premises and could have at any time caused the same to have been removed therefrom.

The court in this case instructed the jury to separate in its verdict the compensatory from the punitive damages, and accordingly the jury found $250.00 for compensatory damages and $250.00 in punitive damages. It has been held that where there is such separation that this court may properly, when the circumstances justify it, affirm the judgment as to compensatory damages and reverse it as to punitive damages. C. & O. v. Judd's Admx., 106 Ky., 364; L. & N. v. Scott, 141 Ky., 538.

The judgment is affirmed as to the compensatory damages, and is reversed as to the punitive damages for further proceedings consistent therewith.