Fred BRADFORD, Appellant,

v.

Kellon CLIFTON and Charles Clifton, dba Clifton and Sons, Appellees.

Court of Appeals of Kentucky.

May 15, 1964.

Orville Nolan, pro se.

Robert F. Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

Claude Asbury, W. G. Wheeler, Catletts-burg, for appellant.

Wilhoit & Wilhoit, H. Rupert Wilhoit, Grayson, for appellees.

WILLIAMS, Judge.

The appellant Fred Bradford sued to recover damages for an injury sustained upon the premises of Kentucky Christian College, where the appellees were building a library for the College. The Judge of the Carter Circuit Court directed a verdict against appellant and this appeal is from the judgment entered on the directed verdict.

Appellant had gone to the building under construction for the purpose of employing a plumber who was working there. While he was standing on the unroofed front porch of the library building, a wall partially collapsed. At the time of the collapse someone shouted, "Look out," and appellant was injured while fleeing the scene.

The trial judge sustained the motion for a directed verdict on the ground that appellant was a trespasser, and no duty was owed to him other than the obligation not to suddenly increase a hazard if his presence were actually known.

It is clear that appellant was not an invitee, since he was on the premises on business of his own and not the business of either the college or appellees. It might be said that college campuses are semi-public places, and as such, frequented by many persons other than students, teachers, employees or invitees of the college, with the acquiescence of the college authorities. Habitual or customary use of property for a particular purpose, without objection from the owner or occupant, may give rise to an implication of consent to such use to the extent that the users have the status of licensees, where such habitual use or custom has existed to the knowledge of the owner or occupant and has been accepted or acquiesced in by him. 65 C.J.S. Negligence § 32.

However, the semi-public nature of a college campus does not extend to all areas therein. It can hardly be said that the public was invited to browse about the building under construction merely because it was located on the campus. The front porch of the library building was located 15 feet from a public sidewalk, and appellant was neither invited nor permitted where he was by the College or the appellees.

A trespasser is a person who enters or remains upon land in the possession of another without the possessor's consent. Restatement of the Law, Torts, section 329. It is clear that appellant was upon these premises without appellees' knowledge or consent, and the appellees had no reason to anticipate his presence there. He was a trespasser to whom the appellees owed no duty except the exercise of ordinary care to avoid injury to him after his position of peril was actually discovered. Chesapeake & O. R. Co. v. Nipp's Adm'x, 125 Ky. 49, 100 S.W. 246 (1907).

Four of appellees' employees were attempting to reset a number of large

heavy steel "A" frames, which constituted the framework of the library roof. In the process they momentarily lost control, and the beams struck the front wall of the building causing it to partially collapse. That occurrence would not fall within the acts denounced in Chesser v. Louisville Country Club, Ky., 339 S.W.2d 194 (1960), where it was said:

"The possessor of premises owes no duty to a bare licensee or a trespasser to keep the premises safe for use of either, but he must refrain from inflicting or exposing him to wanton or willful injury or from setting a trap for him. * * *"

The trial judge properly directed the jury to find a verdict against appellant.

The judgment is affirmed.