Lennis R. DYKES, etc., Appellant,

v.

A. J. ALEXANDER et al., Appellees.

Court of Appeals of Kentucky.

Jan. 27, 1967.

George R. O'Bryan, Witten & O'Bryan, Louisville, for appellant.

Curtis, Curtis & Rose, Louisville, for appellees.

**WOODARD C. TIPTON, Special Commissioner.**

This is an action wherein a five-year-old boy was bitten by a dog. At the close of all of the evidence the trial judge directed a verdict for the owners of the dog.

The question presented is whether or not the court erred in directing a verdict when KRS 258.275(1) is read in conjunction with the facts of the case at bar.

On August 26, 1963, the appellant, five years of age, and his sister, three years of age, entered the fenced-in back yard of appellees and appellant was severely bitten by a dog which appellees had owned about two years, and appellees testified the dog was not vicious and had never previously tried to bite anyone. The appellees did not know the appellant was on the premises until the appellee, Mary Alexander, heard the noise and came out of the house and the dog was then backing off the appellant. Appellant stated two children opened the gate and let him in the back yard but he did not know who they were. There is an inference that the children of appellees may have invited the appellant into the fenced-in back yard thereby making him a social guest instead of a trespasser, yet the mere inference is insufficient to justify a finding to this effect. Appellant and his sister lived down the street about one and a half blocks from the appellees. The fence was about four feet high and had a gate which was kept closed.

The dog bite law in Kentucky has gone through several changes in that the common law prevailed until Kentucky Statute, Section 68 (later 68a) was passed in 1893, then in 1918 Section 68a was left out of the statutes and the common law again prevailed until in 1954 the General Assembly enacted KRS 258.275(1) which is still in effect.

Old Kentucky Statute 68a should be considered along with the cases interpreting it because it changed the common law with its so-called "One Free Bite" or "Knowledge of Viciousness" Rule to one of strict liability on the part of the owner or keeper of the dog, subject to certain defenses. This section 68a read as follows:

"Every person owning or harboring a dog shall be liable to the party injured for all damages done by such dog, * *."

The present statute KRS 258.275(1) reads as follows:

"*Any owner or keeper of a dog which has* killed or injured livestock or poultry or which has bitten such livestock or poultry so severely as to necessitate its destruction, or *injured or damaged any person* or property, *shall be liable to the* owner of such livestock or poultry, or *person in a civil action for all damages and costs,* or to the Commonwealth." (emphasis by this court)

For the interpretation of the old statute by the court and the history of the dog law these decisions are cited: Brown v. Weathers (1933), 247 Ky. 306, 57 S.W.2d 4; Koestel v. Cunningham (1895), 97 Ky. 421, 30 S.W. 970; and Davidson v. Manning (1916), 168 Ky. 288, 181 S.W. 1111.

It has been held that when statutes are similar the construction of the other statute may be considered, as it does not appear that KRS 258.275(1) has been construed in this court. Button v. Hikes (1943), 296 Ky. 163, 176 S.W.2d 112, 150 A.L.R. 779.

It does not appear in the record on what basis the trial judge directed the verdict for the appellees. This court does not consider that the legislature intended to impose strict liability on the owner's or keep-

er's part under any and all circumstances. Bush v. Wathen (1898), 104 Ky. 548, 47 S.W. 599; Vandercar v. David (Fla.App.), 96 So.2d 227, 66 A.L.R.2d 912.

■ In the case at bar it appears that the appellant being under seven years of age cannot be guilty of contributory negligence. Lehman v. Patterson (1944), 298 Ky. 360, 182 S.W.2d 897.

■ Ordinarily trespassing children occupy the same position as trespassing adults, except for special responsibility in case of attractive nuisances. The court has recognized that this is a harsh rule as applied to infants, but the rule still applies. Louisville & Nashville Railroad Co. v. Spence's Adm'r. (1955), Ky., 282 S.W.2d 826; Chesser v. Louisville Country Club (1960), Ky., 339 S.W.2d 194.

This court is unable to find where it has ever been held that a dog is an attractive nuisance and is per se of a dangerous character, nor is everything attractive to a child an attractive nuisance. Jarvis v. Howard (1949), 310 Ky. 38, 219 S.W.2d 958.

■ A person who is on the premises of another, not as an invitee or a licensee or there under an implied invitation, can only be a trespasser. Where a person is on the land of another without either their knowledge or consent and is a trespasser, then the landowner owes him no duty except to exercise ordinary care to avoid injury to him after his position of peril is discovered, and he must refrain from inflicting or exposing him to wanton or wilful injury or setting a trap for him. Bradford v. Clifton (1964), Ky., 379 S.W.2d 249.

In a California case a five-year-old child was bitten while in a back yard and the state statute read as follows:

"The owner of any dog which shall bite any person while such person is * * * lawfully on or in a private place, including the property of the owner of such dog, shall be liable for such damages * * *. A person is lawfully upon the private property of such owner within the meaning of this act * * * when he is on such property upon the invitation, express or implied, of the owner thereof."

And so this statute provided for strict liability if the person was lawfully on the premises and he was there lawfully if there pursuant to an express or implied invitation and every other person is a trespassser. In the California case a mother brought her child and left him near the gate to a fenced-in back yard while she went into the house of the owner of the dog. The child entered through the gate into the back yard and was bitten by the dog. The court held that the child was a trespasser and was not lawfully on the owner's property while in the back yard and the owner was not liable because the owner of a dog is not an insurer. Fullerton v. Conan (1948), 87 Cal.App. 2d 354, 197 P.2d 59.

■ In the case at bar there was no showing that the dog had ever previously bitten anyone or that the dog was vicious or that either of the appellees had knowledge of same. The dog was where he had a right to be and certainly the owner in keeping a dog not thought to be vicious in his fenced-in back yard was not keeping him at his peril so as to be liable to a trespasser to whom he owed no duty. The evidence was that appellees did not know the appellant was on their premises. For an annotation of cases involving injury by dog, see 66 A.L.R.2d 916 (1959).

Judgment affirmed.

HILL, J., dissents.