CASE 45—PETITION ORDINARY—OctOBER 22.

## Houston v. Kidwell, &c.

APPEAL FROM PENDLETON CIRCUIT COURT.

NEW TRIAL—ADDITIONAL GROUNDS.—Where grounds have been filed and a motion for a new trial made within three days after verdict, the trial court may, after the expiration of the three days, permit

additional grounds to be filed, when in the opinion of the court such additional grounds should be considered before the motion is disposed of.

**J. W. MENZIES AND A. DUVALL FOR APPELLANT.**

It was proper to allow the additional grounds for a new trial to be filed. The objection to them is technical, and should not be considered.

**LESLIE T. APPLEGATE FOR APPELLEES.**

The court has no power to allow additional grounds for a new trial to be filed after the expiration of the three days within which the motion for a new trial is required to be made, unless within the three days the court extends the time for filing additional grounds. (Civil Code, sections 342, 343; White v. Crutcher, 1 Bush, 473; C. N. O. & T. P. R. R. Co. v. Barr, 6 Ky. Law Rep., 450.)

**JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.**

The appellant having filed his grounds and moved for a new trial within three days after the verdict had been rendered, was permitted, after the expiration of the three days, to file additional grounds, and on an appeal to this court the judgment below was reversed upon one of the grounds assigned after the time had expired for making the motion for a new trial.

It is now insisted in a petition for rehearing that this court could not consider the additional grounds relied on for a reversal, the Code requiring that all the grounds shall be filed within the three days unless unavoidably prevented. We do not so interpret the provisions of the Code of Practice on this subject.

Section 342 of the Code provides that "the application for a new trial must be made at the term in which the verdict or decision is rendered, and except for the cause mentioned in section 340, subsection 7,

shall be within three days after the verdict or decision is rendered, unless unavoidably prevented."

It is plain, therefore, that under this section of the Code the application for a new trial must be made within the three days, unless there is some act done or omitted to be done over which the attorney or his client had no control, preventing the party from making his application. He must show, as an excuse for not making the application within the time, that it was unavoidable on his part.

Section 343 provides the manner in which the application shall be made; that is, "by motion upon written grounds filed at the time of making the motion," etc.

In this case the application was made within three days after the verdict; so section 342 has been strictly followed.

The application was by motion upon written grounds filed at the time of making the motion; so section 343 of the Code has been strictly pursued. This rule of practice is imperative, and cannot be dispensed with unless circumstances over which the party or his attorney had no control prevented it. In this case the appellant filed his application and made his motion within the time required, and then asked the trial court for leave to file additional grounds, and we see no reason why the court should have declined to entertain such a motion.

There is no provision of the Code of Practice preventing the court from permitting additional grounds to be filed before the motion for a new trial is disposed of; and it may often occur that the ends of justice require that such a practice should prevail.

Under the former practice, assignments of error could not be amended or added to, save in exceptional cases, by reason of an express provision of the Code that confined both the court and the appellant to the particular errors assigned.

If a similar rule existed in the court below with reference to motions for a new trial, which are but assignments of error in that court, then both court and counsel would be confined to the consideration only of the grounds filed within three days after the verdict. Such is not the rule, and never has been the practice in the trial court. When the court below, in a re-examination of the record or the proceedings had, finds that an error has been committed to the prejudice of the party complaining, a new trial will be granted, although the error may not be specified in the grounds filed. If the court can exercise such a power, why should the suggestion of counsel, either in the form of a written motion containing other alleged errors or in an oral statement from the bar, be denied? When the case comes to this court, the written grounds will be looked to with a view of seeing if an opportunity has been given the court below to correct its judgment; but not so with the trial court. It is essential to the proper administration of justice that the court below should have complete revisory power over its proceedings, and it is the duty of that court during the term to correct such error, if any committed, as, in the judgment of the court, has affected the substantial rights of either party.

In order that justice may be speedily and promptly

administered, and that the trial of issues of fact may be terminated during the term at which the trial is had, the unsuccessful litigant is required to apply for and file his written grounds for a new trial within three days after the verdict has been returned into ·court; and if he fails to do so, unless unavoidably prevented, he cannot prosecute his appeal from the verdict on the issue made before the jury to this court. This follows, because it is the plain letter of the statute; but at the same time the trial court may permit additional grounds to be filed after the original ·motion has been made, when, in the opinion of the court, such additional grounds should be considered before overruling the motion and entering a final judgment. As it was proper to permit the additional grounds to be filed in this case, the judgment below must stand reversed, and the cause is remanded for .a re-trial.