CASE 28—DAMAGES—JANUARY 10.

## Wooldridge v. White.

APPEAL FROM HARDIN CIRCUIT COURT.

1. ANIMALS—ACTION FOR INJURY BY A DOG—CONTRIBUTORY NEG-
    LIGENCE.—In an action for injury inflicted by a vicious dog
    chained upon the defendant's premises, to which a plea of con-
    tributory negligence had been interposed, the court should have
    qualified an instruction assuming the law to be that if the
    plaintiff was acquainted with the fact that the dog was vicious
    and negligently or recklessly placed himself in a position where
    it could bite him, he was not entitled to recover, by telling
    the jury that if the plaintiff's position at the time he was bitten
    by the dog was such as might have been assumed by a person
    of ordinary sense and prudence, he was entitled to recover of
    the defendant the damage sustained.

2. MOTION FOR A NEW TRIAL—SUPPLEMENTAL GROUNDS—TIME OF FILING.—Where a motion for a new trial has been entered within three days after the verdict, the court may, after the expiration of three days, permit additional grounds to be filed if, in its opinion, the additional grounds should be considered before the motion is disposed of.

3. SAME—MISCONDUCT OF THE JURY.—It is misconduct of the jury entitling the plaintiff to a new trial for them to permit a witness and one of the defendants to point out the place where the injury occurred and to explain the manner of its occurrence.

MARRIOTT & FAUREST FOR APPELLANT.

1. The court erred in its instructions.
2. The court erred in admitting incompetent evidence.
3. The court erred in refusing a new trial on the ground of misconduct and irregularity upon the part of the jury and the appellee.
4. The verdict was flagrantly against the evidence.

Citations: L. & N. R. R. Co. v. Belcher, 89 Ky., 193; Nichols v. Sennitt, 78 Ky., 630; Com. v. McClanahan, 2 Met., 8; Bliss on Code Pleading, sec. 202; Chitty on Pleading, s. p., 222, 223 and note; Bennett v. Hurd, 3 Johns., 438; Com. v. Young, 7 B. M., 1; 2 Stat. Laws, 1482; Com. v. Kenner, 11 B. M., 1; Haven &c. v. Jordon, 13 Ky. Law Rep., 878; Acts 1891-2-3, p. 849; Enrolled Bill; Spiers v. Parker, 1 D. & E., 141; Murray v. Young, 12 Bush, 337; Lillard v. McGee, 4 Bibb, 165; Eccles v. Stephenson, 3 Bibb, 518; Koestal v. Cunningham, 17 Ky. Law Rep., 296; Jaggard on Torts, pp. 870-1021; Houston v. Kidwell, 83 Ky., 301; Kentucky Central R. R. Co. v. Smith, 93 Ky., 449; L. & N. R. R. Co. v. McCoy, 81 Ky., 403; Civil Code, sec. 343; Thompson on Trials, sec. 2913; Kentucky Hotel Co. v. Camp, by, &c., 17 Ky. Law Rep., 299.

JAMES MONTGOMERY ALSO FOR APPELLANT.

1. The finding for the defendant is against the law and the evidence.
2. The instructions excusing the defendant by reason of the reckless or negligent acts of plaintiff, gave him the full benefit of the defense of contributory negligence.

J. P. HOBSON AND J. D. IRWIN FOR APPELLEE.

1. As to sufficiency of petition. Ky. Stats., sec. 68; L. & N. R. R. Co. v. Belcher, 89 Ky., 193; Newman on Pleading, 397, 434, 670.

Wooldridge v. White.

2. As to meaning of statutes. Acts 1865, p. 16; Acts 1871-2, p. 47;
   Genl. Stat., p. 179; Murray v. Young, 12 Bush, 337; Koestal v.
   Cunningham, 17 Ky. Law Rep., 296.
3. As to the court's instructions. Bishop on Non-contract Law, secs.
   1235-1236; Cooley on Torts, p. 346; Shearman & Redfield on
   Negligence, sec. 639; Curtis v. Mills, 5 Carr. & P., 489 and note;
   Loomis v. Terry, 30 Am. Dec., 309; Jones v. L. & N. R. R. Co.,
   82 Ky., 610; Jaggard on Torts, vol. 2, p. 869; Pollock on Torts,
   190; Lawson's Rights, &c., vol. 2, sec. 1387; Sawyer v. Jackson,
   5 N. Y. L., Obs., 380.
4. As to misconduct of jury or defendants. Kentucky Central
   R. R. Co. v. Smith, &c., 93 Ky., 449; 2 Thompson on Trials, secs.
   2754, 2759, 2611.
      MARRIOTT & FAUREST for appellant in a reply to appellee's
   brief, made the additional citation: Connelly v. Adams, 19
   Ky. Law Rep., 1084.
      Same counsel in a supplemental brief for appellants, cited
   Bush v. Wathen, 20 Ky. Law Rep., 731; Shearman & Redfield on
   Negligence, secs. 61-4.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

G. W. and Virgil White kept a livery stable in Elizabeth-
town, back of which was an inclosed lot in which they kept
fowls, hogs, and other stock.   In this lot they kept a dog
chained to a post.   The plaintiff, Wooldridge, desiring to
look at an animal in the lot which the defendants had for
sale, they sent an employe to show it to him.   After see-
ing it, he, in company with the employe, started to return
to the stable, and in doing so they passed between the
post to which the dog was chained and a pond, the space
between which being about fifteen feet.   Just as they passed
the dog (the employe being between the plaintiff and the
dog), it jumped at and bit the plaintiff, resulting in his in-
jury.   There is testimony tending to show that the plain-
tiff was advised that the dog was vicious as he passed into
the lot.   The defendant contends that the plaintiff unnec-
essarily and voluntarily went within reach of the dog
and was bitten by it; and it is further contended that he

failed to get out of the dog's way when it ran at him, and which he could have done by stepping aside a little after being called upon to do so, but willfully refused; and that therefore the injury was the result of his own fault and wrongful act. This action is under section 68, Ky. Stat., which reads as follows: "Every person owning, having or keeping any dog shall be liable to the party injured for all damages done by such dog. But no recovery shall be had in case the person injured is, at the time, upon the premises of the owner of the dog after night, or engaged in some unlawful act in the day-time."

We held in the case of Bush v. Wathen (recently decided) [47 S. W., 599], that although the person injured was not upon the premises of the owner after night, or engaged in some unlawful act in the day-time, when injured, still, if he teased the dog and thus caused it to bite him, an action could not be maintained to recover damages resulting from an injury thus inflicted.

The defendant in this case seeks to avoid a recovery because the plaintiff was aware of the vicious character of the dog and the danger which attended the act of getting within its reach, and consequently recklessly and negligently placed himself where he received the injury. If a dog is chained under the circumstances detailed, and known by a party to be vicious, and he voluntarily and knowingly goes within its reach, he ought not to be permitted to recover from its owner or person having control of it. A party might be acquainted with the vicious character of a dog, but still not know the length of its chain, and ignorantly place himself in a position where it could bite him, and the defendant ought not to escape liability by reason of such act of the plaintiff. The plaintiff was being conducted through the lot by the

Wooldridge v. White.

employe of the defendants, and walked further from the dog than did the employe.

The court below in its instruction assumed the law to be that if the plaintiff was made acquainted with the fact that the dog was vicious, and he negligently or recklessly placed himself in a position where it could bite him he was not entitled to recover. The court should have qualified the instruction given by telling the jury that if the plaintiff's position, at the time he was bitten by the dog, was such as might have been assumed by a person of ordinary sense and prudence, he was entitled to recover of the defendants the damage sustained. It does not necessarily follow, because the plaintiff was in reach of the dog, that he was reckless or negligent. He may not have known the length of the chain, or miscalculated the distance he was from the dog, or assumed it was safe to pass by it in company with the employe of the defendants. A man of ordinary sense and prudence might have thought it safe to pass the dog as did plaintiff. Under such circumstances, the defendants can not escape liability for the injury inflicted by the dog.

More than three days had elapsed from the rendition of the verdict before the plaintiff filed his additional grounds for a new trial, one of which was misconduct of the jury and of the defendants. With these grounds there was filed an affidavit in which it is stated that at a noon recess of the court on a day during the trial, after part of the evidence was heard in the case, and before the verdict was returned, Reuben Shivley, one of the witnesses for the defendants, and a brother-in-law of one of them, pointed out to some of the jurors where the dog was chained when it bit the plaintiff, and detailed to them the route he took in passing through the lot in going to see the animal, and the one

he took on his return, and that Virgil White, one of the defendants, took hold of the chain which was attached to the dog house or post, and walked around with it and stretched it, to show how far it would reach.

We think this conduct of the jurors and one of the defendants entitled the plaintiff to a new trial.

As said in Luttrell v. Maysville & Lexington Railroad Co., 18 B. Mon., 295: "The safest rule, therefore, to adopt in such, cases, is to consider the misconduct of the jury as a sufficient ground for a new trial, where the party complaining of it has not connived at nor been instrumental in any manner in producing it."

We think the additional grounds for a new trial sufficiently specific. The affidavit which accompanied the motion fully apprised the court as to what the misconduct was upon which the plaintiff relied upon a motion for a new trial.

It was held in Houston v. Kidwell, 83 Ky., 301, that, where grounds have been filed and motion made for a new trial within three days after the verdict, the court may, after the expiration of three days, permit additional grounds to be filed, if in its opinion the additional grounds should be considered before the motion is disposed of. This rule was not changed by Kentucky Central R. R. v. Smith, 93 Ky., 449, [20 S. W., 392], as the court held that additional grounds for a new trial can not be filed after the motion for a new trial has been made and overruled. There is no conflict in these cases. The judgment is reversed, for proceedings consistent with this opinion.