## Lehnhard, Administrator v. Robertson's Administratrix, et al.

(Decided June 12, 1917.)

### Appeal from McCracken Circuit Court.

Animals—Contributory Negligence.—Where a boy ten years old was injured by a pet bear, it was proper to instruct the jury on the subject of the contributory negligence of the boy, which consisted in his conduct in teasing and annoying the bear by prodding and striking him with 'a stick.

BERRY & GRASSHAM for appellant.

JOHN K. HENDRICK for appellees.

OPINION OF THE COURT BY JUDGE CARROLL.—Affirming.

Louis Lehnhard, a boy about ten years old, was so severely bitten and clawed by a pet bear that he died from the effects of his injuries. Thereafter his father, as administrator, brought suit against George H. Robertson and George W. Robertson, doing business under the firm name and style of G. W. Robertson Ice Company, and the city of Paducah, to recover damages for the death of the boy.

The suit as against the Robertsons was brought on the theory that the bear, a vicious, dangerous animal, was owned, harbored and maintained by George H. Robertson and George W. Robertson, doing business under the name of the G. W. Robertson Ice Company. in a vacant lot used and occupied by George W. Robertson and leased and controlled by him in the name of the ice company; that the bear was tied with a long chain to a tree within two or three feet of the sidewalk or street of the city, and in such a way as that he could and did bite and injure the boy while he was on the street or public way of the city. As against the city the suit proceeded on the theory that it suffered the bear to be upon one of its streets.

The defendant, George H. Robertson, admitted in his answer that he owned and kept the bear on a vacant lot in the city of Paducah, but denied that the bear was vicious or dangerous, or that he was tied so close to the edge of the lot as that he could get out on the street or sidewalk of the city. He further averred that the bear was gentle, harmless and kindly disposed and was induced to and did attack and injure the boy because the boy was prodding and striking him with a sharp stick, after he had been warned not to do so.

George W. Robertson, in a separate answer, denied that he had anything whatever to do with the bear, or any interest in or control over him, or that he owned, harbored, kept or maintained him or that he owned, leased or controlled the lot.

There was also an answer filed by the city denying generally and specifically all the averments of the petition.

After the issues had been completed, but before the trial, George W. Robertson died, and the case was revived against his administratrix.

It might here also be said that, pending the suit, the city of Paducah settled with the administrator of the boy,

and thereafter the case went to trial and the jury found a verdict in favor of the administrator against George H. Robertson for fifteen hundred dollars, and a verdict in favor of the administratrix of George W. Robertson. On these verdicts judgments were entered accordingly, and this appeal is prosecuted from the judgment dismissing the suit against the administratrix of George W. Robertson.

The evidence introduced on the trial showed that the bear was owned, kept and controlled by George H. Robertson, and that neither George W. Robertson nor the ice company had any interest in or control over the bear. It appears that the bear was about three years old, and that George H. Robertson brought him as a cub from Arkansas; that after he had him a short while he kept him muzzled and tied to a tree with a chain about ten feet long; that the tree to which the bear was kept tied was situated on a vacant lot that was sometimes used by the ice company, but it does not appear that the ice company owned the lot or had any interest in it, or had it leased. The tree to which the bear was tied was within two or three feet of the property line between the lot and a street of the city; but there was no pavement on the street adjoining the lot, although there was a pavement on the other side of the street. The chain was long enough to allow the bear to go five or six feet outside the line of the lot, and on to the public street and the place where the sidewalk would have been constructed if one had been built.

There was evidence for Robertson tending to show that the bear was gentle, playful and harmless; that a great many people, old and young, boys and girls, women and men, played with him at different times and gave him things to eat; that he always kept a good muzzle on him; that when the boy was injured, he was striking and prodding the bear with a stick, which he continued to do after he had been ordered away from the premises.

On the other hand, there was evidence for the administrator of the boy tending to show that the bear was at times vicious and had attacked several people; that the muzzle was so defective as that he could and did bite the boy so severely that he died from the injuries received, and that the boy was standing looking at the bear, when, without warning or provocation. he attacked him.

On this evidence the court instructed the jury, in substance, that if they believed from the evidence that George H. Robertson, admittedly the owner of the bear, kept him tied on the vacant lot mentioned in the evidence, but so near the street that the bear could reach or come in contact with and injure persons using the street or sidewalk, and that while so engaged the decedent was attacked and so injured that he died, then they should find for the plaintiff. They were further instructed that if they believed the lot at the time the boy was injured was in the possession of or under the control of G. W. Robertson as the owner of the ice company, and that he as such owner suffered and permitted the bear to be tied where he was, they should find for the plaintiff.

They were also instructed that it was the duty of Louis Lehnhard at the time he was injured to exercise such care for his own safety to avoid being injured as is usually exercised by prudent persons of his age, intelligence and experience when engaged in the doing of a like thing and under like or similar circumstances to those proven in this case, and that if they believed from the evidence that he failed to exercise such care and by reason of such failure went to or so near where the bear was tied as to be injured by the bear, and then and there annoyed and punished the bear by poking him or striking him with a stick until he became angry and attacked the boy, and that the failure of the boy to exercise the care described contributed to bring about his injury to such an extent as but for it he would not have been injured, they should find for the defendant.

Counsel for the administrator asked the court to instruct the jury that it was the duty of the defendants who owned, controlled or maintained the bear at the place in question to keep the bear and place in such condition and under such control as to prevent injury to the public or any member thereof. And it is now urgently insisted by counsel that any person, who keeps or permits to be kept any animal, disposed at times to be vicious, in a public place where he may attack boys who are attracted to his presence, is liable for injuries sustained by a boy, although the boy may by his own conduct have caused the animal to attack him.

It is further insisted that the court committed error in instructing the jury on the subject of the contributory negligence of the boy. But in Bush v. Wathen, 104 Ky. 548; Woolridge v. White, 105 Ky. 247, and Wolff v. Lamann,

108 Ky. 343, it was held that contributory negligence might be set up as a defense in an action to recover damages for being injured by an animal, although the injured person was a child.

According to our view of the case, the instructions were as favorable to the plaintiff as he had a right to demand. Indeed, as to G. W. Robertson the court might with propriety have instructed the jury to return a verdict in favor of his estate, because there was no evidence to connect him with either the ownership or control of the bear, or the control of the lot as owner or lessee. It is true the lot was used by the ice company for the purpose of placing wagons and storing cinders thereon, but whether this use was authorized by the owner of the lot does not appear. Under these circumstances G. W. Robertson should not be held responsible for an injury inflicted by an animal owned and controlled by George H. Robertson alone. He did not get permission from G. W. Robertson to keep the bear on the lot, nor does it appear that G. W. Robertson had any right to give him any such permission if it had been asked. If the jury had found a verdict against the estate of G. W. Robertson, it would not have been authorized by the evidence.

The judgment is affirmed.