## Kentucky-Virginia Stages, Inc., v. Tackett.

May 16, 1944.

Rehearing Denied Oct. 3, 1944.

Keenon & Odear for appellant.

Francis M. Burke, Burke & Sanders, L. J. May, and O. T. Hinton for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The opinion on the first appeal may be found under the same style in 294 Ky. 189, 171 S.W. 2d 4. Pursuant to that opinion, the judgment was set aside and a new trial granted, resulting in a verdict and judgment in favor of appellee in the sum of Seven Thousand Dollars ($7,000), Two Thousand Dollars ($2,000) more than the award made on the first trial. Reversal is sought because it is contended, (1) the Trial Court erred in overruling appellant's motion for a directed verdict; (2) the verdict is against the weight of the evidence; (3) the Court erred in admitting incompetent evidence, and in refusing to admit competent evidence; (4) the Court erred in giving and refusing instructions; (5) the Court erred in refusing to permit appellant to file additional motion, and grounds for a new trial, after the original motion for a new trial had been overruled, and more than three days had transpired since the verdict was rendered; and (5a) if appellant's position in respect to the 5th complaint should be upheld, the judgment should be reversed because of the additional ground filed viz., that the verdict was agreed upon by lot.

The first two contentions may be disposed of as one. It is admitted in appellant's brief that "there is very little difference between the testimony offered by the appellee at this trial and that offered at the former trial except that William Hounshell is contradicted more

by deposition taken at this trial than by the former trial.'' William Hounshell was an eyewitness to the accident although he was some distance removed from the scene. He was inducted into the United States Army after the first trial, and his deposition was taken to be used upon the second trial if his presence could not be obtained. It is insisted that the testimony he gave in his deposition is so contradictory of the testimony he gave on the first trial as to render his evidence without probative value and insusceptible of belief; and, disregarding his evidence, plaintiff has failed to introduce any evidence on the second trial sufficient to support the verdict that the driver of appellant's bus was negligent in its operation at the time of the accident. In this connection, our attention is called to the fact that the passenger who testified on the first trial that appellee's decedent was running toward the place where she was struck when the bus was one hundred fifty (150) feet from the point of impact was not introduced on the second trial; nor was the evidence he gave at the first trial read to the jury. While there are some discrepancies in Hounshell's deposition and his testimony at the first trial, they are not of such magnitude as to render his testimony of no probative value. These discrepancies were brought to the attention of the jury, and addressed themselves to the question of the credibility of the witness. But, disregarding Hounshell's testimony entirely, the witness, Dixie Sowards, whose absence occasioned the circumstances upon which the reversal of the judgment on the first trial was obtained, appeared as a witness on the second trial, and testified to facts from which the jury reasonably might have inferred that the driver of the bus was not keeping a lookout ahead. She testified that the automobile which was the sole object it is claimed obstructed the view of the driver was parked near a filling station fifty (50) feet south (in the direction of the bus) of the scene of the accident, and that the deceased was ''almost running'' from the time she left the store until she was struck by the bus, a distance of forty (40) feet. That testimony, if true, coupled with the testimony of the driver of the bus that he did not see the deceased until he was within twenty-five (25) feet of her, if true, would conclusively establish the fact that he was not keeping a lookout ahead as he approached the scene of the accident. In addition to that, other witnesses

testified that the bus was between one hundred forty (140) and one hundred fifty (150) feet from the scene of the accident when appellee's decedent came into view of the driver of the bus, had he been looking ahead. This testimony was sufficient for the jury to infer that the driver had failed in his duty in that respect, and substantially supplied the evidence given by the passenger on the first trial, when the latter testified that he actually saw the child proceeding into the path of the bus when the bus was one hundred fifty (150) feet from the point of the impact. Thus, it will be seen that there is no material difference in the testimony adduced upon the first trial and that introduced upon the second. It follows that the Trial Court did not err in overruling appellant's motion for a peremptory instruction, and that the verdict was not against the weight of the evidence.

The Court permitted appellee to read the evidence given by William Hounshell on the first trial of the case, pursuant to a stipulated order signed by the parties, approved by the Trial Judge, and entered in the record. That stipulation reads:

"It is agreed by the parties that either side may read the evidence of any witness on this trial who testified on the former trial of this case at the regular November Term 1941 of this court.

"Francis M. Burke, atty. for Plff.
"R. W. Keenon, atty. for Deft."

The attorney for appellant objected to the reading of Hounshell's testimony because his deposition was taken after the first trial for the purpose of using it upon the second trial. We see no merit to this complaint. Counsel for defendant knew the deposition had been taken when he signed the stipulation. Had he wished to make an exception of the testimony of William Hounshell, he should have specifically excluded it in the stipulation. As a matter of fact, the deposition, if properly objected to, could not have been used as substantive testimony by appellee, because it had not been filed in the record previous to the trial. Section 585, Civil Code of Practice. It is obvious, therefore, the Court did not err in permitting Hounshell's testimony given on the first trial to be introduced in evidence on the second trial. Appellant was permitted to read the cross-examination contained in Hounshell's deposition, after the reading of which, appellant's counsel

objected to appellee reading the direct examination given in the deposition; and now complains that the Court erred in permitting the direct examination to be read. Appellant had the right to introduce the deposition for the purpose of contradicting the testimony of Hounshell given on the first trial, but for that purpose only; but, when he introduced the cross-examination for that purpose, appellee, in turn, had the right to read the whole deposition to explain, if it did, any discrepancy which might have appeared between the cross-examination contained in the deposition and the evidence given by the witness on the first trial of the case. Therefore, this complaint is without merit. Appellant then moved the Court to be permitted to introduce in evidence a statement purported to have been made and signed by the witness, Hounshell, previous to the first trial of the case. On the first appeal, we held that the rejection of this statement in evidence was not error, because the witness admitted making the statement, but explained the discrepancies in it and his testimony. See former opinion, 171 S.W. 2d page 8. We said: "If the witness had denied making the former statements, no doubt the court would have permitted defendant to have introduced the writing for impeachment purposes." In Hounshell's deposition, he denied making certain statements contained in the writing, and it is now insisted that the Court erred in not permitting the writing to be introduced because of this fact, in view of the above quoted portion of the opinion on the first appeal. But here again, we are of the opinion the Court did not err. In rejecting the statement, the Court plainly stated that the ground for rejecting it was that its authenticity had not been proved by any witness, although the person who is purported to have written the statement was present at all times during the trial. Counsel for appellee virtually dared appellant to introduce the person who it is claimed wrote the statement attributed to Hounshell, and whose testimony that the statement was authentic would have rendered it competent to be introduced in evidence. Appellant refused to place the witness on the stand; therefore, it cannot complain of the Court's ruling that the statement was not admissible in evidence.

In the opinion on the first appeal, we approved the instructions given by the Court. On the second trial, an additional instruction was offered. While the in-

struction offered differs in wording from the instruction on sudden emergency offered on the first trial, it substantially incorporates the same theory, and which we held was not applicable to a case of this character; and, since we so held in the first opinion, it is binding on this appeal unless, as is contended, we should abolish the rule long in effect that the opinion on a first appeal is the law of the case and, right or wrong, is binding on the second appeal. The argument is made that several courts have departed from the rule upon the more nearly sound principle that a decision, if palpably erroneous, ever should be corrected, even though such procedure might prolong litigation unreasonably. We find it unnecessary to discuss this point, because we are of the opinion that the decision on the first trial, in respect to appellant's right to an instruction on sudden peril or emergency, is sound, for the reasons given in the opinion.

Finally, it is urged that the judgment should be re-·versed, because the verdict admittedly was arrived at by lot. We have often condemned verdicts of this character, and would not hesitate to do so in this instance if that question were actually before us; but we have concluded that it is not. On the day the verdict was entered, counsel for appellant prepared and filed motion and grounds for a new trial. This complaint was not incorporated as one of the grounds for which a new trial was· sought. The Court immediately overruled the motion, and entered an order accordingly. J. A. Runyon, one of the attorneys for appellant, on the following day learned that the verdict was arrived at by lot, in the following manner: The jurors agreed that each would write the amount he thought the plaintiff should recover, all the amounts were then to be added together, divided by twelve, and the result be rendered as the unanimous verdict of the jury. It appears that none of the jurors reserved the right to refuse to agree upon the verdict thus determined by lot. With this information coming to him the day after the verdict was rendered, he had that day and the following in which to amend his motion and grounds for a new trial; but he did not do so. Instead, he communicated this information to the chief counsel for appellant, who on the seventh day after the trial amended the grounds, whereby he set up this complaint. Section 342, Civil Code of Practice reads:

"The application for a new trial must be made at the term in which the verdict or decision is rendered; and, except for the cause mentioned in section 340, subsection 7, shall be within three days after the verdict or decision is rendered, unless unavoidably prevented."

We have held that a motion and grounds for a new trial may be amended by setting up additional grounds at the same term of court at which the trial was had, although the time for filing the motion originally had transpired. Houston v. Kidwell, 83 Ky. 301, 7 Ky. Law Rep. 266; Wooldridge v. White, 105 Ky. 247, 48 S.W. 1081, 20 Ky. Law Rep. 1144; and Million v. Million's Ex'rs, 104 S.W. 768, 31 Ky. Law Rep. 1156. But in none of those cases had the Court passed on the motion. In Kentucky Central Railway Co. v. Smith, 93 Ky. 449, 20 S.W. 392, 14 Ky. Law Rep. 455, 18 L. R. A. 63, we held that where the Court had passed on the motion and the amendment was not tendered within the three days provided by Section 342 of the Civil Code of Practice, the Court was without power to permit the amendment to be filed or to reconsider his ruling on the motion, where the movant was not unavoidably prevented from doing so in the time allowed. There is no conflict in these decisions. This seems to be conceded, but it is argued that since Mr. Keenon, the chief counsel for appellant, did not learn of the manner in which the verdict was arrived at until after the time for filing the motion and grounds had expired the case falls within the exception contained in Section 342, supra, in that appellant was unavoidably prevented from filing the ground within the time provided. In this connection, it is contended that Mr. Runyon was employed for the sole purpose of assisting in the selection of the jury and, since his employment was so limited, notice to him of the irregularity was not notice to appellant. Mr. Keenon filed his affidavit, wherein he stated Mr. Runyon's employment was limited to assisting him in the selection of the jury. The record shows Mr. Runyon's name was signed to practically all, if not all, of the pleadings, and that he examined one of the four witnesses who personally testified for appellant. Over objection of appellant, he was required to testify as to the scope of his employment. He stated that he had conferred approximately twenty-five times with Mr. Keenon concerning the defense of the action, and that he was never inform-

ed that his employment was limited as asserted by Mr. Keenon. The Court properly concluded, under these circumstances, that the employment was not limited and that the knowledge of Mr. Runyon was imputable to appellant. Complaint is made that the Court erred in requiring Mr. Runyon to testify as to the scope of his employment without the consent of his client, because the information he was required to disclose was privileged as a confidential communication between attorney and client. Section 606, subsection 4 of the Civil Code of Practice, in so far as pertinent, reads:

"No attorney shall testify concerning a communication made to him, in his professional character, by his client, or his advice thereon, without the client's consent; * * *."

In entering into a contract of employment with a client, an attorney represents himself exclusively and is not acting for his client. Therefore, the terms and scope of his employment are not communications made to the attorney in his professional character by the client. Each deals with the other at arm's length until after the contract of employment has been agreed upon. Therfore, it was not error for the Court to require Mr. Runyon to testify as to the terms of his employment by his client. We are, therefore, of the opinion that the Court properly refused to consider the ground that the verdict was arrived at by lot, in support of the motion for a new trial.

The judgment is affirmed.