## BROCK v. SMITH.

Court of Appeals of Kentucky.

May 28, 1954.

Russell Jones, Somerset, Van Sant & Young, Frankfort, for appellant.

Fritz Kreuger, Somerset, for appellee.

COMBS, Justice.

The judgment of the trial court is for $800 entered on a jury's verdict in an automobile collision case. The only ground relied on for reversal is the alleged misconduct of one of the jurors.

At the conclusion of the evidence for the defendant, but before plaintiff introduced his rebuttal testimony, the court, preparatory to recessing for luncheon, gave to the jury the usual admonition not to talk about the case among themselves or permit any other person to talk to them about it during the recess.

During the luncheon hour, as related in the affidavit of W. N. Lovins filed in support of the motion and grounds for a new trial, the juror, Bessie Brown, accompanied by her husband, visited the scene of the accident in the husband's truck and made an inspection of the premises. The juror's husband got out of the truck and questioned Lovins—whose presence at the scene is not explained—about where the vehicles involved came to rest after the accident, where defendant's truck left the highway, and about other facts at issue in the trial. It is also stated in the Lovins' affidavit that he was in the courtroom when the case was submitted to the jury and while the jury were deliberating; that after the jury had deliberated for about one hour, the juror Bessie Brown came to the door of the jury room and asked for a photograph of the accident scene which had been introduced as an exhibit; that the photograph was delivered to her and some ten minutes later the jury returned the verdict which is the basis for this appeal. We note, for what it is worth, that the signature of Bessie Brown appears first on the jury's verdict.

It is stated in appellant's original brief, filed by Honorable Campbell Van Sant, a former Commissioner of this court, now deceased, that the affidavit of W. N. Lovins, relating to the activities of the juror Bessie Brown, was not controverted. On the other hand, it is said in the brief of Mr. Krueger, attorney for appellee,

that the affidavit of Lovins was controverted by the affidavits of Bessie Brown and her husband. But there is no affidavit of Mrs. Brown or her husband in the record before us. A reply brief was filed by Mr. Jones, appellant's other attorney, but the situation was not clarified. It is conceded in the reply brief that the counter affidavits of Bessie Brown and her husband were filed and apology is made for the original statement that there were no counter affidavits. In reconciling the statements of the three attorneys we assume that the counter affidavits were filed but that by oversight they were omitted from the record on appeal.

Since this appeal must be tried upon the record before us, we must accept the statements in Lovins' affidavit as true. Although it is conceded in the reply brief that counter affidavits were filed by Mrs. Brown and her husband, the contents of the affidavits are not admitted and we cannot speculate on that point. With only Lovins' affidavit before us, it is apparent that the judgment must be reversed because of the actions of the juror Bessie Brown. While we do not ascribe any improper motives or intentional misconduct to her or to her husband, the litigants were entitled to have their case tried upon the evidence received in open court in the presence of the judge, the jury, and the counsel. Wooldridge v. White, 105 Ky. 247, 48 S.W. 1081; Ironton Lumber Co. v. Wagner, 119 S.W. 197 (no Kentucky citation). It not only was improper for the individual juror to examine the scene of the accident out of the presence of the court and the other jurors, but the situation was aggravated by the presence of her husband, who was not under oath and whose interest in the case is not shown. Although the actions of Mrs. Brown and her husband may have been inspired by the best of motives, we are not at liberty to condone the error. Such activities present the opportunity for improper influence upon a juror and are calculated to arouse the suspicions of the adverse party. There is sound basis for the well-worn cliche that it is important not only that every litigant have a fair trial, but also that he have no reason to believe he did not have a fair trial.

In view of what has already been said, it is unnecessary to discuss the affidavits filed by the other jurors.

The judgment is reversed for proceedings consistent with this opinion.