**Robert JOHNSON et al., Appellants,**

**v.**

**Walter BROWN, Appellee.**

Court of Appeals of Kentucky.

Feb. 13, 1970.

Edward F. Rectenwald, Louisville, for appellants.

Allen K. Gailor, Louisville, for appellee.

PALMORE, Judge.

The appellee, Walter Brown, brought this suit for personal injuries suffered by him when bitten by a German shepherd police dog kept by the appellants, Robert Johnson and wife. The Johnsons appeal from a judgment entered pursuant to a verdict awarding Brown $1,833.15.

The evidence was in conflict as to whether (1) the Johnsons were aware of the dog's vicious propensities and (2) Brown had been warned to beware of the dog. The ultimate question before us is whether KRS 258.275(1), enacted in 1954, makes these questions immaterial.

The historical incidence of our dog-bite statutes was briefly sketched in

Dykes v. Alexander, Ky., 411 S.W.2d 47 (1967), which expressed the opinion that the legislature did not intend to impose strict liability ·under any and all circumstances. That case stands for the proposition that one who keeps a dog enclosed or fettered on his own premises will not be liable to an interloper whose presence and exposure to the dog he has no reason to anticipate. Conversely, however, if the person is one whose proximity to the animal he has reason to anticipate, we think the statute abrogates the necessity of proving the ancient hallmark of liability, which was that the owner or keeper had knowledge of its vicious propensities. If the statute did not do that much there would seem to have been very little or no reason for its enactment.

■ "In actions based on statutory liability for damage caused by a dog, a majority of jurisdictions considering the question have held contributory negligence to be a valid defense." Annotation, 66 A.L. R.2d 916, 945 (1959). That result makes sense to us, and it was the law under the old statute (§ 68, later § 68a, Kentucky Statutes, 1893 to 1918). See Wooldridge v. White, 105 Ky. 247, 48 S.W. 1081 (1899).

The factual situation in Wooldridge v. White, supra, was not far different from this case. There the defendants kept a dog chained to a post on an enclosed lot behind their livery stable. An employe accompanied the plaintiff, a customer, into the lot to show him an animal the defendants had for sale. As they passed near the dog it jumped on the customer and bit him. There was evidence the customer had been advised that the dog was vicious. In the ensuing lawsuit a jury found for the defendants under an instruction to the effect that if the plaintiff, knowing the dog was vicious, placed himself in a position where it could bite him he could not recover. The judgment was reversed because the instruction did not allow for the possibility that the plaintiff did not realize he was within reach of the dog.

■ In the instant case the plaintiff, Brown, was on business premises of the Johnsons for the purpose of renting a piece of garden equipment. The dog was chained to a post near a driveway between the store building and the street. Customarily he was kept at that particular place during the night but was confined behind the building during business hours. On this occasion Brown arrived before the usual opening hour. Mr. Johnson came over from his residence next door to see what Brown wanted, and he says he told Brown he would not be open for about half an hour and warned him to watch the dog because it might jump at him. While Johnson's attention was temporarily diverted Brown walked near the dog and was attacked. In his testimony Johnson apparently sought to avoid Brown's being regarded as a business invitee, but we do not think it makes any difference. Brown's presence at the time and place not only was well within reasonable expectation but was actually known to Johnson; hence it was the statutory duty of the Johnsons to prevent his being bitten by the dog while he was exercising ordinary care for his own safety.

As in the *Wooldridge* case, supra, Brown may not have realized the length of the dog's chain. It may not have been unreasonable for the dog's proximity to slip his mind while his attention was occupied by the business he was attempting to transact. Certainly he was not negligent as a matter of law. Neither can we say as a matter of law that he was not negligent. It was a question for the jury.

It is our conclusion that the instructions were erroneous in that they did not submit the defense of contributory negligence. In the event of another trial the jury should be instructed to find for the plaintiff unless he failed to exercise ordinary care for his own safety, but for which failure, if any, he would not have been injured.

The judgment is reversed with directions for a new trial.

All concur.