OPINION OF THE COURT BY JUSTICE CUNNINGHAM
On September 12, 2009, in Jackson County, Appellant Latasha Maupin was squirrel hunting with her boyfriend, James Carpenter, on heavily wooded property owned by Carpenter's family. Maupin decided to go home early, so she started walking back to Carpenter's truck parked nearby. In doing so, she apparently walked across part of a 42-acre tract of property owned by Appellee Roland Tankersley. The evidence indicates that Maupin was walking on an old overgrown path or roadway, once used by Maupin's family to access her aunt's property with Tankersley's consent.
Near where the pathway adjoins Highway 1955, a pack of four or five dogs attacked Maupin, knocking her down, biting her, and causing substantial injury. While she was being mauled, a motorcyclist traveling on the nearby highway saw her predicament and came to her rescue. The motorcyclist extracted Maupin from the attacking dogs and whisked her away to safety. Maupin sustained severe wounds from the dog attack, endured pain and suffering, and incurred substantial medical bills.
Maupin sued Tankersley for her injuries, relying on KRS 258.235(4). After conclusion of evidence, the trial court instructed the jury as follows:
You will find for the Plaintiff, Latasha Maupin, under this instruction if you are satisfied from the evidence that:
(A) The Defendant, Roland Tankersley, owned the dogs that caused Plaintiff's injuries; AND
(B) The Defendant, Roland Tankersley, had reason to believe that the Plaintiff would be in the vicinity of his dogs; OR
(C) The Defendant, Roland Tankersley, failed to exercise ordinary care to control his dogs for the safety of others, and that such failure was a substantial factor in causing Plaintiff's injuries.
Otherwise, you will find for Roland Tankersley.
Maupin objected to the instructions and tendered her own, requiring an imposition of liability upon Tankersley solely by showing Tankersley's ownership of the dogs which attacked her.
The jury determined that Tankersley was the owner of the dogs that caused *359 injury to Maupin. However, the jury also determined that Tankersley had no reason to believe Maupin would be near his dogs. Nor had he failed to exercise ordinary care to control his dogs for the safety of others. Accordingly, the jury found that he was not liable to Maupin. Maupin filed a Motion for Judgment Notwithstanding the Verdict and/or a Motion for New Trial based upon improper jury instructions on liability, which the Jackson Circuit Court denied.
On September 16, 2016, the Court of Appeals affirmed the Jackson Circuit Court. The Court of Appeals held that the jury instructions properly stated the law of dog owner's liability for injuries caused by his dog. We granted review to answer one narrow question of law: whether the language of KRS 258.235(4) imposes strict liability upon the owner of a dog that attacks and injures a person.
I. Analysis
Whether a jury instruction misrepresents the applicable law is purely a question of law, which we review de novo. Sargent v. Shaffer , 467 S.W.3d 198, 204 (Ky. 2015). Thus, we shall review the substantive aspect of the jury instruction de novo. Id.
Additionally, we conduct de novo review of statutory interpretation. Workforce Dev. Cabinet v. Gaines, 276 S.W.3d 789, 792 (Ky. 2008). We interpret statutory terms based upon their common and ordinary meaning, unless they are technical terms. See id. (citing KRS 446.080(4) ). We liberally construe our reading of a statute with the goal of achieving the legislative intent of the General Assembly regarding the statute's purpose. See id. (citing KRS 446.080(1) ).
The statute in question is the progeny of years of evolution in the law of dog attacks. Without KRS 258.235(4) or its predecessor statutes, common law negligence would govern dog bite cases. Thus, the General Assembly's intent in passing these statutes is clear: to mandate that dog owners are strictly responsible for injuries caused by their dogs.
From 1893 to 1918, former Ky. Stat. § 68 (later renamed 68a) prevailed over the common law "one free bite" rule. Former Ky. Stat. § 68a read as follows:
Every person owning, having or keeping any dog shall be liable to the party injured for all damages done by such dog. But no recovery shall be had in case the person injured is, at the time, upon the premises of the owner of the dog after night, or engaged in some unlawful act in the daytime.
Bush v. Wathen , 104 Ky. 548, 47 S.W. 599, 600 (1898) (quoting former Ky. Stat. § 68) (emphasis added).
Under former Ky. Stat. § 68a, dog owners were strictly liable for the injuries caused by their dogs. However, strict liability was not imposed if the victim was on the owner's premises at night or engaged in unlawful daytime activity.
After the repeal of former Ky. Stat. § 68a, the common law rule prevailed once again between 1918 and 1954. Dykes v. Alexander , 411 S.W.2d 47, 48 (Ky. 1967) ). Then the General Assembly enacted former KRS 258.275(1) and KRS 235.235(4). Former KRS 258.275(1) read:
Any owner or keeper of a dog which has killed or injured livestock or poultry or which has bitten such livestock or poultry so severely, as to necessitate its destruction, or injured or damaged any person or property, shall be liable to the owner of such livestock or poultry, or person in a civil action for all damages and costs, or to the Commonwealth. (emphasis added).
*360 Until its repeal in 2004, former KRS 258.275(1) was cited by this Court as the statutory source of dog bite law in the Commonwealth. See Johnson v. Brown, 450 S.W.2d 495, 495-96 (Ky. 1970) ; Dykes , 411 S.W.2d at 48. Since the repeal of former KRS 258.275(1), dog bite law has been governed by the 2004 amended version of KRS 258.235(4). It reads in pertinent part that:
Any owner whose dog is found to have caused damage to a person, livestock, or other property shall be responsible for that damage ....
Under the rules of statutory construction, "shall" is mandatory language. KRS 446.010(39). Both statutes use the term "shall" in conjunction with making a dog owner "liable" or "responsible" for the victim's injuries.
We find no legal distinction between the words "liable" and "responsible." They are interchangeable. "Liable" means an entity is "[b]ound or obligated in law or equity; responsible. " BLACK'S LAW DICTIONARY 915 (6th ed. 1990) (emphasis added). Synonymously, "responsible" is defined as "[l]iable ; legally accountable or answerable." BLACK'S LAW DICTIONARY 1312 (6th ed. 1990) (emphasis added). Thus, a plain reading of KRS 258.235(4) and KRS 258.275(1) shows the phrases "shall be responsible for that damage" and "shall be liable ... for all damages" carry the same meaning.
Additionally, the phrasing used in former KRS 258.275(1) and KRS 258.235(4) is nearly identical. Both statutes state that a dog "owner" as defined in KRS 258.095(5) is liable. Therefore, we may reasonably deduce from a plain reading of both statutes that the General Assembly repealed KRS 258.275(1) and amended KRS 258.235(4) to include nearly identical language. That language likewise made dog owners responsible for damages caused by their dogs. To that end, this Court has clarified that "[u]nder Kentucky's dog-bite liability statutes, KRS 258.095 and .235, the owner of a dog is strictly liable for damages caused by the dog." Benningfield ex rel Benningfield v. Zinsmeister , 367 S.W.3d 561, 562 (Ky. 2012), and specifically held that KRS 258.235(4)"creat[es] a form of strict liability for the owner of a dog ...." Id. at 563.
Thus, we reverse the trial court based on the jury instruction given in this case. Such an instruction runs counter to our case law and the clear intent of the General Assembly. A dog owner is strictly liable for injuries caused when his dog attacks a person.
In so holding, we remain consistent with our reasoning in Dykes and Johnson insofar as those cases accounted for the negligent conduct of the respective plaintiffs.
However, the holdings in Dykes and Johnson rested upon contributory negligence rather than comparative fault. Although once a valid, complete bar to a dog attack victim's recovery, contributory negligence is no longer the law. Hilen v. Hays , 673 S.W.2d 713, 720 (Ky. 1984). Therefore, Dykes and Johnson are clearly distinguishable, as contributory negligence no longer bars a negligent plaintiff's recovery.
Today, we hold that a plaintiff's comparative negligence in a dog bite case may be considered in measuring the damages awarded to her. Hilen , 673 S.W.2d at 720 ; KRS 411.182(2). In analyzing Kentucky law, the federal Western District Court has noted:
Kentucky's comparative fault statute requires the trier of fact in 'all tort actions' to 'consider both the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed' when *361 determining the percentage of the total fault properly attributed to the parties.
Sloan v. Drury Hotels Co., LLC , No. 5:15-CV-00061-TBR, 2016 WL 4942031, at *2 (W.D. Ky. Sept. 15, 2016) (citing KRS 411.182(2) ) (emphasis in original) (discussing comparative fault's impact on damages in dog bite cases).
We agree. A comparative fault analysis of the damages in dog bite cases is mandated by KRS 411.182(2). Therefore, it is appropriate for the jury, during the calculation of damages phase, to lessen the liable owner's monetary responsibility for the victim's injuries if the facts demonstrate that the victim's own negligent or intentional acts contributed to the dog attack's occurrence.
Comparative fault serves to ameliorate the harshness of KRS 258.235(4) by permitting the jury to award damages that are mitigated in proportion to the plaintiff's amount of fault, and to award de minimis damages to plaintiffs who were the sole wrongdoers.
For example, a major concern of the General Assembly throughout the dog bite laws mentioned herein is the protection of livestock as well as persons. The historical emphasis has been on the agrarian interest in the protection of farm animals. It would be incredulous to believe that the General Assembly intended for the owner of trespassing cattle, who break out of a neighboring pasture and enter the dog owner's land, to be fully compensated for damages inflicted by the homestanding dog upon the intruding livestock.
Following the finding of liability on the part of the dog owner, a jury instruction should be given such that any comparative fault of the dog bite victim may be considered in the calculation of damages awarded.
The initial strict liability instruction from the trial court in the case at bar would require the jury to make the following finding:
You will find for the Plaintiff, Latasha Maupin, against the Defendant, Roland Tankersley, if you are satisfied from the evidence that the Defendant, Roland Tankersley, was the owner of the dogs that inflicted the injuries described in this case upon the Plaintiff, Latasha Maupin.
If the jury finds in the affirmative, then Tankersley's liability is fixed. The trial court should then proceed to advise the jury of Maupin's duty to exercise ordinary care for her own safety with regard to the dogs. We do not define what duties that might entail. Each case will have its own facts.
Depending upon whether the jury finds any fault on the part of the plaintiff, the case will then proceed to the damages phase and apportionment of those damages according to fault.
II. Conclusion
For the reasons stated herein, we reverse the decision of the Court of Appeals and remand this case to the Jackson Circuit Court for a new trial consistent with this ruling.
All sitting. Minton, C.J.; Hughes, Keller, and Venters, JJ., concur. VanMeter J., concurs in part and dissents in part by separate opinion in which Wright, J., joins.