RENDERED:  AUGUST 21, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-001077-MR

LARRY MILLS AND
BRANDON MILLS                                                APPELLANTS


                    APPEAL FROM KNOX CIRCUIT COURT
v.                  HONORABLE GREGORY A. LAY, JUDGE
                    ACTION NO. 10-CI-00552


RICKY MILLS AS ADMINISTRATOR
OF THE ESTATE OF ENIS J. MILLS;
RICKY MILLS; CAROLYN WARREN;
LISA GAY ALSIP; JERRY MILLS;
DONNA LAWSON; HAZEL ENTERPRISES, LLC;
KNOX COUNTY, KENTUCKY;
DWIGHT JASON WARREN; WILLIAM GROOME;
TAX EASE LIEN INVESTMENTS 1, LLC;
ASSET ACCEPTANCE, LLC;
WHITLEY LAND COMPANY; AND
PAUL BAKER, MASTER COMMISSIONER
OF THE KNOX CIRCUIT COURT                                     APPELLEES



AND

NO. 2019-CA-001128-MR


RICKY MILLS, INDIVIDUALLY AND
AS ADMINISTRATOR OF
THE ESTATE OF ENIS J. MILLS                    CROSS-APPELLANT



                    CROSS-APPEAL FROM KNOX CIRCUIT COURT
v.                  HONORABLE GREGORY A. LAY, JUDGE
                    ACTION NO. 10-CI-00552



BRANDON MILLS; LARRY MILLS;
CAROLYN WARREN; LISA GAY ALSIP;
JERRY MILLS; DONNA LAWSON;
HAZEL ENTERPRISES, LLC;
KNOX COUNTY, KENTUCKY;
DWIGHT JASON WARREN; WILLIAM GROOME;
TAX EASE LIEN INVESTMENTS 1, LLC;
ASSET ACCEPTANCE, LLC; AND
WHITLEY LAND COMPANY                           CROSS-APPELLEES



                        OPINION
                        VACATING

                    ** ** ** ** **

BEFORE:  COMBS, GOODWINE, AND LAMBERT, JUDGES.

GOODWINE, JUDGE:  Ricky Mills ("Ricky"), individually and as the

administrator of Enis J. Mills' estate, brought an action to settle the estate.  The

Knox Circuit Court granted a judgment and order of sale for Ricky.  Larry Mills

and Brandon Mills (collectively "Larry and Brandon") raise several issues on

-2-

appeal, including the complaint failed to meet the requirements of KRS[1] 395.515.

After careful review of the record and applicable law, we vacate the circuit court's

judgment and order of sale.

The Knox Circuit Court summarized the background of this case as

follows:

> Because of the long and complex history of this case, the Court will attempt to briefly summarize the case's extensive procedural history. On July 10, 2007, Enis Mills passed away. After his death, it was ruled that the existence of his Will could not be verified and thus it was deemed that Enis Mills died intestate. As a result, his six children were designated as his heirs, among which included the Plaintiff [Ricky Mills] and Defendant Larry Mills. At the time of his death, Enis owned a few assets of particular note, including a mobile home and two tracts of land. One of these tracts of land (hereinafter "the Coles Branch property") was encumbered by a mortgage held by Union National Bank, n/k/a Commercial Bank. The mobile home likewise had a lien on it but was not affixed to the Coles Branch property, while the other tract of land was not encumbered by a mortgage or lien.
>
> On August 1, 2007, Plaintiff was appointed the administrator of the Estate. While the Plaintiff did not file an Inventory of the Estate until September 16, 2010 and a Periodic Settlement until September 22, 2010, several events took place that affect this litigation. On February 27, 2008, Donna Lawson, Jerry Mills, and Defendant Larry Mills (all heirs of Enis Mills) conveyed their interest in the Coles Branch property to Defendant Brandon Mills (son of Defendant Larry Mills and the grandson of Enis Mills). On April 11, 2008, Plaintiff

---

[1] Kentucky Revised Statutes.

conveyed his interest in the same property to Brandon Mills and Lisa Gay Alsip and Carolyn Warren also conveyed their interest in the property to Brandon Mills on November 5, 2008. Thereafter, Defendants Brandon and Larry Mills continued to live on the Coles Branch property, allegedly making improvements to the property as well, including the construction of a pond and a barn.

On October 20, 2010, Plaintiff filed his initial Complaint in Knox Circuit Court. In his Complaint, Plaintiff named several Defendants, including Brandon and Larry Mills along with Enis Mills' other heirs, Hazel Enterprises, LLC, Commercial Bank, Inc., Knox County, and other parties. Plaintiff asserted in his Complaint several causes of action, including: 1) Settlement of the Estate of Enis Mills, 2) Conversion of Estate asset claims against Brandon and Larry Mills, 3) To disallow the claim of Larry Mills against the Estate for funeral expenses and the claim of Brandon Mills for improvements made to the Coles Branch property, 4) A Judicial Sale of the Coles Branch property, 5) To set aside the deeds of Enis Mills' heirs that conveyed their interest in the Coles Branch property to Brandon Mills, and 6) Unspecified damages.

After the Complaint was filed, several of the parties filed their Answers and respective counter-claims. Several Defendants, however, were forced to file for extensions of time in order to have sufficient time to file their respective filings. While many of these motions are not necessary to understand the progression of this case, several motions were particularly important in the case's development. Commercial Bank moved to dismiss themselves from Plaintiff's Complaint on February 24, 2011, which was then granted on March 7, 2011. On November 23, 2011, the Honorable J.R. Wesley Hoskins moved to withdraw as counsel for Defendants Brandon Mills, Carolyn Warren, Lisa Gay Alsip, Jerry Mills, Larry Mills, and Donna Lawson. The Court granted this

motion on December 5, 2011 and gave the Defendants thirty (30) days to find new representation.

On January 30, 2012, Plaintiff filed a Motion for Default Judgment, Partial Summary Judgment, and Order of Sale. In the Motion, Plaintiff requested that the Court enter default judgments against Defendants William Groome, Tax Ease Lien Investments, LLC, and Asset Acceptance, LLC; order summary judgment on all of the Plaintiff's claim barring the Estate Settlement claim; schedule a hearing to ascertain damages against certain Defendants; and award the Plaintiff all relief to which they ma[y] be entitled. After this motion was filed, on February 1, 2012 the Honorable Kenneth [Boggs] made his Entry of Appearance as counsel for Defendants Brandon Mills, Carolyn Warren, Lisa Gay Alsip, Jerry Mills, Larry Mills, Donna Lawson, and Dwight Jason Warren. However, Boggs soon thereafter made a Motion to Withdraw as Counsel on March 21, 2012 based on several of the Defendants' failure to assist in the discovery process and on April 6, 2012 the Motion was granted in regard to Boggs representing Donna Lawson, Lisa Gay Alsip, and Jerry Mills.

On May 4, 2012, this Court ruled on Plaintiff's January 30, 2012 Motion. In that Order, this Court awarded Hazel Enterprises, LLC a judgment based on its Certificate of Delinquency "in the amount of $346.05, plus accrued twelve percent (12%) interest from August 30, 2010, plus accrued interest pursuant to KRS 134.125 from March 30, 2012 until paid." The Court also awarded Plaintiff a Default Judgment against Defendants William Groome, Asset Acceptance, LLC, and Tax Lien Investments 1, LLC. The Court also ruled that Hazel Enterprises, LLC had a valid and protected lien on the Coles Branch property and that the property should be sold. As a result, the deeds conveying various parties' interests in the Coles Branch property were to be set aside to allow for the judicial sale. Perhaps most

importantly, in paragraph ten (10) of the Order, the Court made the following ruling:

> Plaintiff, with reference to the Periodical Settlement he filed in the underlying Knox District Court probate action, sets out that the personal estate of the decedent is insufficient for the payments of all debts. No defendant has addressed this contention. Otherwise, KRS 395.515, upon which this action is premised, provides, in relevant part, "if it shall appear that the personal estate is insufficient for the payment of all debts, the court may order the real property descended or devised to the heirs or devisees who may be parties to the action . . . to be sold for the payment of the residue of such debts, thus also requiring a Judicial Sale of the subject property."

On May 10, 2012, Brandon Mills filed a Motion to Amend the May 4th Order. In his Motion, Brandon Mills argued that the Order should be amended because he was willing to personally pay for the Default Judgment awarded in favor of Hazel Enterprises, LLC and any other obligations incurred by the Estate to avoid the necessity of a judicial sale. The matter was heard on June 1, 2012, and on June 20, 2012 the Court ordered the previous order to be amended "to the extent that the damages and other unliquidated damages by and against the parties shall be determined by the Court prior to any such sale taking place." On September 23, 2013, an Agreed Partial Summary Judgment Order was entered between the Plaintiff and Defendants Brandon and Larry Mills ordering the Defendants' claims against the Estate to be disallowed pursuant to KRS 396.055(1). Sometime in December of 2013, the Honorable Kenneth Boggs passed away and on December 26, 2013, the Court entered an Order granting Defendants Larry and Brandon Mills sixty (60) days to obtain new counsel. On May 12,

-6-

2014 the Honorable Christopher Mills entered his appearance as counsel for Larry and Brandon Mills. Unfortunately, Christopher Mills moved to withdraw as counsel on May 29, 2014, citing a conflict of interest with this case which was then granted on June 13, 2014. On July 11, 2014 the Honorable Marilyn Benge McGhee entered her appearance as counsel for Brandon and Larry Mills.

After several more motions and discovery had taken place, on August 10, 2015 the Court entered an Order Setting Trial Date, having the case docketed for trial for February 15, 2016. On January 28, 2016, Plaintiff moved to bifurcate certain issues from the scheduled jury trial. Specifically, Plaintiff wished to bifurcate the issues regarding administrator and attorney fees. The Motion to Bifurcate was then granted on February 11, 2016, on the basis that these issues were not matters to be decided by a jury. While the case was set for trial on February 15, 2016, inclement weather forced the Court to cancel the trial on March 15, 2016. Thereafter, the case was set for a pre-trial conference on May 9, 2016, and the trial was rescheduled for August 17, 2016. At the pre-trial conference, only counsel for the Plaintiff and Defendants Larry and Brandon Mills appeared. At that conference, the Court considered whether the previously ordered judicial sale should take place before the trial on the underlying damages claims. Because counsel for the Plaintiff and Defendants Brandon and Larry Mills consented to the sale at the pre-trial conference, the Court entered an Order of Sale on June 9, 2016 to sell the Coles Branch property. The sale took place on July 29, 2016 and the Master Commissioner reported that Defendant Larry Mills purchased the property for fifty-six thousand dollars ($56,000). As part of the arrangement, Larry Mills put ten percent (10%) of the purchase price down to secure the sale, with the understanding that the remaining sum would be due in thirty (30) days. During the sale, however, a representative for Whitley Land Company,

LLC appeared and claimed to be the true owner of the Coles Branch property.

On August 12, 2016, the trial date was once again continued due to counsel for Defendants Larry and Brandon Mills suffering a severe ankle injury, and on August 19, 2016 the case was once again set for a pre-trial conference for September 16, 2016. However, on September 7, 2016, Marilyn McGhee moved to withdraw as counsel for the Defendants Larry and Brandon Mills on the grounds that the Defendants had failed to pay her over the last few months and that the introduction of Whitley Land Company, LLC meant that the case would take even longer to resolve than previously anticipated. McGhee's withdrawal motion was granted by the Court on September 16, 2016 and the Defendants were given another thirty (30) days to find new counsel. The Honorable Frank C. Medaris, Jr. then entered his appearance as Defendants' counsel on October 12, 2016. On November 4, 2016, this Court granted leave for the Plaintiff to file a Second Amended Complaint that joined Whitley Land Company, LLC as an additional defendant. After attempting service on Whitley Land Company, LLC the Court appointed a Warning Order Attorney for Whitley Land Company, LLC. When the company failed to respond, Plaintiff moved for default judgment against it on July 24, 2017 and moved to reschedule the case for trial. On August 8, 2017 the Court entered an Order setting February 20, 2018 as the date for the bench trial. On August 10, 2017, the Court also entered an Order granting default judgment against Whitley Land Company, LLC.

On October 9, 2017, the Court granted Plaintiff's motion seeking to confirm the sale of the Coles Branch property that occurred on July 29, 2016. In its Order, the Court ordered Larry Mills to pay the remaining balance owed on the sale within ten (10) days of the entry of the Order. On October 23, 2017, Defendant Hazel Enterprises, LLC made a motion to have the Court

declare the amount owed to it due to its lien on the Coles Branch property and to have the Master Commissioner distribute the funds needed to satisfy the debt and the Motion was granted on November 6, 2017. There was a scheduled trial date of February 20, 2018, but the Defendant Brandon Mills was not present due to being incarcerated with the Department of Corrections. Plaintiff's motion to continue that trial was sustained, and the trial date was continued to April 24, 2018. The bench trial was finally conducted on April 24, 2018, where all issues except attorney fees and administrator fees were heard by this Court. The issues heard at trial were: 1) the sufficiency of the decedent's personal estate as to any debts owed by the Estate, 2) whether the Estate was entitled to the gas royalties paid to Defendant Brandon Mills from June 2012 to February 2018, 3) whether the Defendants were liable for the fair rental value of the property for the time they lived on the Coles Branch property, 4) whether the Defendants Larry and Brandon Mills converted estate assets, 5) whether the Estate is entitled to sale damages and interest, 6) whether punitive damages should be levied against the Defendants, 7) whether the Plaintiff is entitled to administrative damages, 8) whether the Defendants' counterclaims should be dismissed via a directed verdict. Parties filed their post-trial briefs on June 11, 2018. On the same day, Plaintiff made his Motion for Attorney Fees and the matter was heard before this Court on October 5, 2018.

On March 29, 2019, the circuit court entered findings of fact, conclusions of law, judgment, and order of sale. First, the circuit court found the personal estate was insufficient to discharge the obligations of the estate. In reaching this conclusion, the circuit court determined the complaint met the requirements of KRS 395.515, and Commercial Bank's and Hazel Enterprises'

-9-

claims were not time-barred by KRS 396.011. Second, the circuit court found the estate was entitled to recover natural gas royalties paid to Brandon from June 2012 through February 2018. Third, the circuit court found the plaintiff failed to establish the fair rental value of the property and could therefore not recover it. Fourth, the circuit court held the plaintiff's claim for conversion of estate assets fell outside the limitations period under KRS 314.125. Fifth, the circuit court ordered a new sale of the property because Larry failed to pay the master commissioner in full. The court also found the plaintiff was entitled to recover damages and interest as a result of Larry's failure to pay the balance. Sixth, the circuit court denied an award of punitive damages. Seventh, the circuit court awarded administrator fees to Ricky. Eighth, the circuit court denied Larry and Brandon's claims for recovery of improvements made to the Coles Branch property but awarded Larry recovery for funeral expenses. Finally, the circuit court granted Ricky an award of attorney's fees.

On April 8, 2019, Ricky moved to alter or amend the judgment. Ricky argued he was entitled to the fair rental value of the property, and the circuit court erred in failing to apply the lodestar method in calculating attorney's fees. Larry and Brandon objected. The circuit court denied Ricky's motion as to its denial of an award of fair rental value of the property. The circuit court granted Ricky's motion regarding attorney's fees, finding the lodestar method applied. The

court's ruling increased Ricky's award of attorney's fees.  This appeal and cross-appeal followed.

On appeal, Larry and Brandon argue the circuit court erred in:  (1) finding the petition was sufficient under KRS 395.515; (2) finding Commercial Bank's and Hazel Enterprises' claims were not time-barred by KRS 396.011; and (3) setting aside the deeds of conveyance to Brandon, finding Brandon was not entitled to receive gas royalties, and ordering the master commissioner to sell the property.

The issues before us are matters of statutory interpretation, which we review *de novo*.  *Maupin v. Tankersley*, 540 S.W.3d 357, 359 (Ky. 2018) (citing *Workforce Dev. Cabinet v. Gaines*, 276 S.W.3d 789, 792 (Ky. 2008)).  "We interpret statutory terms based upon their common and ordinary meaning, unless they are technical terms."  *Id.*  "As such, we must look first to the plain language of a statute and, if the language is clear, our inquiry ends."  *University of Louisville v. Rothstein*, 532 S.W.3d 644, 648 (Ky. 2017) (citing *Revenue Cabinet v. O'Daniel*, 153 S.W.3d 815, 819 (Ky. 2005)).

First, Brandon and Larry argue the complaint failed to meet the requirements of KRS 395.515.  "Under KRS 395.515, a petition must contain certain allegations before the circuit court has authority to act."  *White v. White*, 883 S.W.2d 502, 504 (Ky. App. 1994).  KRS 395.515 provides:

In such an action *the petition must state the amount of the debts* and the nature and value of the property, real and personal, of the decedent, so far as known to the plaintiff; if it appears that there is a genuine issue concerning the right of any creditor, beneficiary or heir-at-law to receive payment or distribution, or if it appears that there is a genuine issue as to what constitutes a correct and lawful settlement of the estate, or a correct and lawful distribution of the assets, such issues may be adjudicated by the court; and, if it shall appear that the personal estate is insufficient for the payment of all debts, the court may order the real property descended or devised to the heirs or devisees who may be parties to the action, or so much thereof as shall be necessary, to be sold for the payment of the residue of such debts.

(Emphasis added.) KRS 395.515 clearly states a petition under the statute must state the amount of debts and the nature and value of the property in the estate. Thus, for a circuit court to have authority to determine whether the personal estate appears to be insufficient for the payment of all debts, the petition must include the amount of debts and nature and value of the property in the estate.

Here, the petition incorporates the nature and value of the estate by referencing the periodical settlement, which is attached to the complaint. However, the petition failed to state the amount of the estate's debts either in the petition or by incorporating the amount of the debts by reference to a document attached to the complaint. The circuit court determined that mere "references to documents that would describe the value of each of these claims ensures that the petition satisfies the requirements of KRS 395.515." Because the amount of the

-12-

debts owed by the estate is not stated in the complaint or incorporated by reference to any attached document, we hold the complaint and second amended complaint are facially deficient under KRS 395.515. As such, we must vacate the judgment and order the underlying action to be dismissed.

Second, Brandon and Larry argue the circuit court incorrectly applied KRS 396.011 to Commercial Bank's and Hazel Enterprises' counter-claims. Specifically, they argue Commercial Bank's claim was time-barred by the statute, and Hazel Enterprises' claim does not fall under the statute because the claim arose after the decedent's death. The version of KRS 396.011(1) in effect during the pendency of this action sets forth the applicable limitations period for claims against an estate:

> All claims against a decedent's estate which arose before the death of the decedent, excluding claims of the United States, the State of Kentucky and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earlier by other statute of limitations, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented within six (6) months after the appointment of the personal representative, or where no personal representative has been appointed, within two (2) years after the decedent's death.

However, the statute carves out two exceptions:

> (2) Nothing in this section shall affect or prevent:

-13-

(a) To the extent of the security only, any proceeding to enforce any mortgage, pledge, lien or other security interest securing an obligation of the decedent or upon property of the estate; or

(b) To the limits of the insurance protection only, any proceeding to establish liability of the decedent or the personal representative for which he is protected by liability insurance.

*Id.*

Based on this statute, the circuit court determined that the counter-claims of Commercial Bank to enforce its mortgage and Hazel Enterprises for enforcement of its lien were not time-barred by 396.011(1). Although Commercial Bank's mortgage would fall under this exception, its lien was satisfied well before entry of the final judgment. More importantly, the circuit court's ruling ignores that Hazel Enterprises' certificate of delinquency is for 2009 state and county taxes, and the decedent died in 2007. This debt arose after the decedent's death, so KRS 396.011(1) is not applicable to Hazel Enterprises' claim. *See Underwood v. Underwood*, 999 S.W.2d 716, 719 (Ky. App. 1999). In fact, Hazel Enterprises does not cite this statute in its counter-claim and instead brought its claim under KRS 134.546 to foreclose upon the property to enforce its lien. As such, the circuit court's finding that the exception to the limitations period under KRS 396.011(2)(a) permits sale of the property to enforce Hazel Enterprises' lien is

-14-

erroneous. However, nothing in this opinion prevents Hazel Enterprises from enforcing its lien through a foreclosure action.

Third, Larry and Brandon argue the circuit court erred in setting aside the deeds conveying the property to Brandon, awarding recovery of natural gas royalties to the estate for the period of June 2012 through June 2018, and ordering the sale of the property. In its May 4, 2012 order, the circuit court determined the decedent's personal estate was insufficient to satisfy the debts of the estate. Based on this finding, the circuit court set aside the deeds conveying the property to Brandon, awarded the estate recovery of natural gas royalties, and ordered the property to be sold. Above, we held the petition was deficient under KRS 395.515; thus, the circuit court lacked the authority to make any of these rulings.

However, after this case is dismissed, nothing prevents Ricky from filing a new complaint in compliance with KRS 395.515. If the complaint states the amount of debts owed by the estate, if any, and states the nature and value of the estate's property, then the circuit court may determine whether it appears the personal estate is insufficient to satisfy the estate's debts under KRS 395.515. "[R]eal property cannot pass free and clear to a decedent's heirs when the personalty of the estate is insufficient to cover the claims of creditors of the estate." *Gregory v. Hardgrove*, 562 S.W.3d 911, 915 (Ky. 2018). If the court finds the personal estate is insufficient to satisfy the estate's debts, then it will have the

authority to set aside the deeds conveying the property to Brandon, award the estate recovery of natural gas royalties, and order the sale of the property.

Because the complaint was deficient, we must vacate the judgment. Therefore, we need not address Ricky's arguments on cross-appeal and dismiss it as moot.

For the foregoing reasons, we vacate the judgment of the Knox Circuit Court.

ALL CONCUR.

BRIEFS FOR
APPELLANTS/CROSS-
APPELLEES, LARRY MILLS AND
BRANDON MILLS:

Frank C. Medaris, Jr.
Hazard, Kentucky

BRIEF FOR APPELLEE/
CROSS-APPELLANT,
RICKY MILLS:

Scott M. Webster
London, Kentucky