RENDERED: MAY 23, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0881-MR

PAMELA HANNA                                                                   APPELLANT

v.

APPEAL FROM MARSHALL CIRCUIT COURT
HONORABLE ANDREA L. MOORE, JUDGE
ACTION NO. 21-CI-00204

DANIEL SHEA                                                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; EASTON AND A. JONES, JUDGES.

EASTON, JUDGE: Appellant ("Hanna") asks us to reverse the summary

judgment granted to Appellee ("Shea") on Hanna's claim for personal injury

caused when she either tripped over Shea's dog, or the dog tripped her. She

contends that the strict liability imposed by KRS[1] 258.235, often called the "dog-

bite" statute, includes her claim. We affirm the summary judgment.

---

[1] Kentucky Revised Statutes.

## FACTUAL AND PROCEDURAL BACKGROUND

Hanna and her boyfriend paid a visit to Shea and his girlfriend at Shea's home on an evening in June of 2020. They were all sitting on the front porch of the home. Some outdoor light may have been provided by nearby garage lights, but the only light sources on the porch were two oil lamps. Hanna admitted that she could see the facial expressions of the people on the porch. Shea owned a female Labrador Retriever named Zoe. Hanna was aware of Zoe and had seen her earlier. Zoe was on the porch too at the side of Shea.

Hanna wanted to smoke a cigarette and got up to step off the porch. Hanna says that, as she walked toward the steps, Zoe may have been "startled," got up at the same time, and tripped her. Hanna admits she cannot be certain of exactly what happened because it happened so fast. Shea insists that Hanna basically kicked or tripped over Zoe, not that Zoe tripped Hanna. Hanna fell and broke her elbow.

The Marshall Circuit Court granted summary judgment concluding that KRS 258.235 does not extend liability to the circumstances of Hanna's fall. Although Hanna had also made a claim of negligence generally, she has made it clear that this appeal is limited to the statutory strict liability claim. At page 2-3 of her brief, Hanna states:

> The Marshall Circuit Court issued a ruling granting
> Daniel Shea's Motion for Summary Judgment that the

Defendant did not breach any duties to Plaintiff Hanna because there "was no unreasonably dangerous condition on the premises." Secondly, the Marshall Circuit Court dismissed the claims of negligence and strict liability against Mr. Shea under KRS 258.23[5](4) holding the dog's actions were not the type of conduct anticipated by the statute (footnote omitted). Appellant disagrees with the second part of the Court's ruling pertaining to the legislative intent and interpretation of KRS 258.235(4); thus, this appeal followed.

## STANDARD OF REVIEW

When a circuit court grants a motion for summary judgment, the standard of review for the appellate court is *de novo* because no genuine issues of fact may be present and only legal issues are involved. *Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 705 (Ky. App. 2004). We must consider the evidence of record in the light most favorable to the non-movant (here, Hanna) and determine whether the circuit court correctly found there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 780 (Ky. App. 1996).

## ANALYSIS

At the common law the dog was regarded as a tame, harmless, and docile animal, and its owner not responsible for any vicious or mischievous act it might do, unless he had a previous knowledge of the mischievous or vicious propensities. As an English judge put it, "the dog was entitled to his first bite."

*Koestel v. Cunningham*, 30 S.W. 970, 970 (Ky. 1895).

-3-

KRS 258.235 was not the first Kentucky statute to alter this common law rule. The first such statute can be traced back to 1851. *Maupin v. Tankersley*, 540 S.W.3d 357, 362 n.2 (Ky. 2018). The intent of these statutes as worded has been consistently interpreted as applying only to some sort of attack which may include a bite. "A dog owner is strictly liable for injuries caused when his dog *attacks* a person." *Id*. at 360 (emphasis added).

Hanna insists that more recent amendments to KRS 258.235 evidence a legislative intent to broaden this strict liability. In 2004, KRS 258.235(4) was amended to state: "Any owner whose dog is found to have caused damage to a person, livestock, or other property shall be responsible for that damage." Hanna argues that regardless of any intention by Shea's dog, it did technically *cause* her injury, and thus Shea is liable.

We are required to apply statutes as written, but as written as a whole, not by a phrase removed from the entire context. "General principles of statutory construction hold that a court must not be guided by a single sentence of a statute but must look to the provisions of the whole statute and its object and policy." *County of Harlan v. Appalachian Regional Healthcare, Inc.*, 85 S.W.3d 607, 611 (Ky. 2002). As indicated by *Maupin*, *supra*, the wording of the various "dog-bite" statutes over the last 175 years and the cases which have interpreted these statutes

consistently indicate an intention to apply strict liability to alleviate only the strictures of the common law rule.

We note another reason to reject Hanna's argument. "A statute should not be interpreted so as to bring about an absurd or unreasonable result." *Kentucky Indus. Utility Customers, Inc., v. Kentucky Utilities Co.*, 983 S.W.2d 493, 500 (Ky. 1998). "This [C]ourt does not consider that the legislature intended to impose strict liability on the owner's or keeper's part under any and all circumstances." *Dykes v. Alexander*, 411 S.W.2d 47, 48-49 (Ky. 1967), *superseded by statute as stated in Maupin v. Tankersley*, 540 S.W.3d 357 (Ky. 2018). With that in mind, we are cited to unpublished opinions by both sides testing the limits of the intended and reasonable application of KRS 258.235. We utilize these cases to clarify the limitations of strict liability as applied to the present case.

A repairman slipped on a dog's excrement while in a home. He sued claiming that, since a dog *caused* his injury, he should be able to recover under KRS 258.235. This Court rejected this claim noting the "tenor" of prior cases limiting the statutory strict liability to "dog bites or attacks." *Spalding v. Own Your Home, LLC*, No. 2017-CA-001647-MR, 2019 WL 4733072, *5 (Ky. App. Sep. 27, 2019).

We have also addressed a factual situation similar to the present case to hold that the statutory strict liability is limited to dog bites or attacks. In *Insko v.*

*Perraut*, No. 2023-CA-0745-MR, 2024 WL 1472056 (Ky. App. Apr. 5, 2024), a plaintiff fell and broke her wrist when she tripped over a dog. Hanna insists that *Insko*, by comparison, draws the line for strict liability in her favor.

The dog in *Insko* was just lying on the ground. There was no evidence of any movement by the dog to cause the fall. Noting that the dog was just "peacefully existing" and did not even "nudge" the falling person, we commented that the statute anticipates some action by the dog for liability to attach. But to expand these explanatory comments in *Insko* to suggest that the statute covers more than some form of *attack* is not justified. Under KRS 446.080(1), statutes are to be "liberally construed," but the statute further qualifies this policy: "with a view to promote their objects and carry out the intent of the legislature . . . ."

As we said in *Insko*, the mere presence of a dog is not a dangerous condition. It is only when a dog acts in some vicious or mischievous manner that the common law attached liability after the first such act, and it is only that liability which is now made strict without prior notice of the dog's propensity. We do not believe the General Assembly intended that the mere act of a dog moving around in its home should result in strict liability under that statute. There must be some intentional act which could reasonably be seen as a vicious or mischievous act directed toward the person of the plaintiff for strict liability to apply.

-6-

We find further support for our conclusion in a recent unpublished decision by a federal court in Kentucky applying Kentucky law. In *Owens v. Wolfe*, No. 0:22-CV-00106-EBA, 2024 WL 3184623 (E.D. Ky. Jun 26, 2024), the plaintiff collided with a dog running at large on a dirt bike track. Citing our previous unpublished cases, the federal court held that strict liability does not apply because the dog did not bite or otherwise attack the plaintiff. We have also held that the mere act of running at large is not a dangerous propensity when the common law negligence theory, rather than strict liability, is applied. *Terry v. Elam*, No. 2011-CA-001006-MR, 2012 WL 4038419 (Ky. App. Sep. 14, 2012).

This provides a segue to an important point. In this case, we are only determining the parameters of strict liability. The common law negligence theory remains. *See Horbach v. Forsythe*, 667 S.W.3d 1 (Ky. App. 2023). We do not suggest that the mere movement of a dog in its home is a dangerous or mischievous act[2] as compared to some intentional application of force directed toward a person by a dog which might support either a strict liability or common law negligence claim. If Hanna had not abandoned her common law negligence claim, the record reveals an absence of required evidence for a common law

---

[2] We have been asked to comment on offered hypotheticals such as if a dog walking with its owner and a friend sees a squirrel and takes off causing the friend to fall over his leash is a mischievous act within the confines of an *attack*. We will not offer unnecessary and advisory commentary about situations not presented in this case. We only note that what Hanna alleges here was not an *attack* as contemplated by the statute. Should the General Assembly wish to expand or otherwise alter strict liability, it is within its province to do so.

negligence claim: a plaintiff must show prior knowledge of the owner of the dangerous or mischievous propensity. We find no evidence of such a prior propensity of Zoe in this record.

## CONCLUSION

Shea is not liable to Hanna under the strict liability imposed by KRS 258.235. This liability only arises from an intentional act which could reasonably be seen as a vicious or mischievous act directed toward the person of the plaintiff such as an attack or bite. The Marshall Circuit Court properly granted summary judgment to Shea and is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Chad A. Graham
Louisville, Kentucky

BRIEF FOR APPELLEE:

J. Stan Lee
Katie Bouvier
Lexington, Kentucky